█ In the Matter of GENERAL BUILDING CONTRACTORS OF NEW YORK STATE, INC., Appellant, v. CITY OF SYRACUSE et al., Respondents.— Judgment unanimously reversed on the law and facts, with costs, and judgment granted in favor of petitioner in accordance with the following Memorandum: Bid specifications insofar as they require the general contractor's superintendent to correlate all the work on the job, the separate prime contractors to coordinate their work schedules with that of the general contractor, and hold the general contractor responsible for setting the pace for the job and for all work in place are violative of section 101 of the General Municipal Law (see Matter of General Bldg. Contrs. v. County of Oneida, 54 Misc 2d 260). ¶ It is apparent that it was the legislative interpretation of the State Finance Law, the language of which in section 135 is identical to section 101 of the General Municipal Law, that it did not provide authority in the contracting municipality or agency to delegate to one of the prime contractors supervision and co-ordination responsibility and authority. The language of section 1287 of the Public Authorities Law amply bears out this construction, reading as follows: ¶ "1. Construction contracts let by the corporation shall be in conformity with the applicable provisions of section one hundred thirty-five of the state finance law, but the corporation in its discretion may assign such contracts for supervision and coordination to the successful bidder for any subdivision of work for which the corporation received bids." ¶ While the defendant city and plaintiff disagree on the interpretation of the contract provisions insofar as they might require all bidders to list their intended subcontractors on their bids, the city interprets those provisions to mean that a failure so to list does not result in the disqualification of a bid. Any such apparent requirement in the specifications

should be eliminated. ¶ Since the wording of the contract provisions precludes, or at least reasonably allowed bidders to believe it precludes, the use of equivalents for certain materials and manufacturers, without following the procedure for such preclusion (General Municipal Law, § 103, subd. 5), it was illegal. ¶ In readvertising the subject contracts for bid the city should be required to eliminate the provisions in the specifications in the general construction contract for supervision and coordination of the other prime contracts and to eliminate the requirement that contractors list their subcontractors on their bids and the requirement of use of specified materials without provision for the substitution of equivalent materials not so specified. (Appeal from judgment of Onondaga Special Term, dismissing petition in article 78 proceeding.) Present — Marsh, J. P., Witmer, Moule and Henry, JJ.