■ J. A. VALENTI ELECTRIC CO., INC., Plaintiff, v BOARD OF EDUCATION, YONKERS, Defendant and Third-Party Plaintiff-Respondent. MAR-MES CONSTRUCTION CO., INC., et al., Third-Party Defendants-Appellants.—In an action to recover damages for breach of contract, in which the defendant board of education brought a third-party action against appellants, Mar-Mes Construction Co., Inc. (Mar-Mes) and its surety, the third-party defendants appeal from an order of the Supreme Court, Westchester County, dated March 11, 1976, which denied their motion to dismiss the amended third-party complaint. Order affirmed, with $50 costs and disbursements. The time within which the third-party defendants must serve their answer is extended until 20 days after entry of the order to be made hereon. The appellants allege that the contract between Mar-Mes and the board shifts the responsibility for co-ordination and supervision of the construction project to Mar-Mes and that such shift violates section 101 of the General

Municipal Law. The contract in question requires appellant Mar-Mes to prepare its own work schedules on time, and to co-ordinate its work with each of the other prime contractors. These provisions did not shift the responsibility for project co-ordination and supervision from the owner (or its architect) to Mar-Mes. It should also be noted that those cases stating that a shift of such responsibility violates section 101 merely hold that a general contractor is not required to bid on project specifications where the general contractor, rather than the project owner, must co-ordinate and supervise the other prime contractors' work (see, e.g., *Matter of General Bldg. Contrs. of N. Y. State v City of Syracuse,* 40 AD2d 584, mod on other grounds 32 NY2d 780). Here Mar-Mes did not voice any objections to any of the contract provisions at the bid stage. Rather, it accepted the contract, and performed under it. Mar-Mes cannot now avoid possible liability to the board by claiming that those same contract provisions are illegal. Mar-Mes also asserts that the second cause of action in the amended third-party complaint duplicates the claims made in a prior action now pending between the parties. Although the same contract is involved in both suits, the causes of action in each are not the same. In this third-party action the board seeks indemnity in the event it is held liable to the plaintiff. The subject matter of the prior action is the alleged breach of contractual obligations running directly between the original parties. Hopkins, Acting P. J., Latham, Damiani and Hawkins, JJ., concur.