OPINION OF THE COURT
Con. G. Cholakis, J.
The petitioner is an inmate in the custody of the Department of Correctional Services. He has brought this CPLR article 78 proceeding to obtain judgment annulling determinations of the respondents which deny the petitioner’s request made pursuant to article 6 of the Public Officers Law (New York Freedom of Information Law) to inspect records maintained by the respondents concerning him. More specifically, the petitioner, among other things, requested that he be permitted to inspect and review “any and all files of records kept on me and my number of identification of the New York State Department of Correctional Services which is identification number 71-A-0224.” The request was denied, both initially and upon administrative appeal, primarily for the reason that the petitioner had failed to reasonably describe or identify the documents or records he would seek to inspect. Notably, the petitioner was informed of various records that were accessible to him pursuant to directives of the Department of Correctional Services.
*82 Upon this proceeding the petitioner has taken the position that the burden is upon the respondent agency to review all records requested, remove exempt matter, and provide access to the remainder. The petitioner argues that agencies are required by law to grant access to all records not exempt (Matter of Fink v Lefkowitz, 47 NY2d 567), and if this creates an undue burden, the remedy is to direct such complaint to the Legislature (Matter of Dunlea v Goldmark, 54 AD2d 446, 449, affd 43 NY2d 754).
The respondent has submitted exhibits (photographs) which dramatically demonstrate that the records demanded are voluminous. In part, these records are referred to as the petitioner’s central file, service unit folder, education folder, hospital records, grievance file, correspondence office file, and package room and visiting room documents. It is estimated that the files contain in excess of 2,300 pages of records.
Unquestionably, agency records are open for discovery unless exempt by statute and the burden of claiming an exemption rests upon the agency (Matter of Polansky v Regan, 81 AD2d 102). In this respect there can be no quarrel with the petitioner’s position. However, it must also be recalled that subdivision 3 of section 89 of the Public Officers Law requires a request for a record to be “reasonably described”, and this requirement is clearly tied to considerations of burden and exemption.
The respondents state that a large portion of the material contained in the petitioner’s file is exempt by reason of section 87 (subd 2, pars [f], [g]) of the Public Officers Law, and considering the nature of the material it may be presumed that this is true. As already noted, the material is voluminous and its subject matter diverse. To require the respondents to sort through all of the material, selecting that material claimed exempt and separating it from others would, in this court’s view, be so burdensome as to be unreasonable. The statute does not require this result and, it is felt, it is precisely to avoid such result that the particular records desired are to be “reasonably described”.
The petition, accordingly, is dismissed.