■ In the Matter of HAROLD KONIGSBERG, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of New York State Department of Correctional Services, et al., Respondents. — Kane, J. P.

On March 28, 1983, petitioner submitted a written request under the Freedom of Information Law (Public Officers Law, art 6) (hereinafter FOIL) to the Superintendent of Eastern Correctional Facility "to inspect and review any and all files of records kept on me and my number of identification of the New York State Department of Correctional Services which is identification number 71-A-0224".

By letter dated April 20, 1983, petitioner was advised of respondents' procedure with regard to requests to review documents. In particular, the letter advised petitioner that the written request must "reasonably identify" documents sought (*see,* 7 NYCRR 5.11). Petitioner was further advised that a record could be identified in several ways, including name, if known, type of content or the appropriate date. Finally, the letter, "[i]n an attempt to assist you", indicated the names of some of the records kept by the Department of Correctional Services.

By letter dated April 22, 1983, petitioner appealed to the Office of Counsel within the Department (*see,* 7 NYCRR 5.20 [c]). Petitioner argued that the request that he more specifically identify the records he sought was a violation of his right under FOIL to inspect all records maintained under his name and number of "wherever my name appears". In due course, the Office of Counsel affirmed, finding that the request failed to reasonably describe the records sought (*see,* 7 NYCRR 5.45). This CPLR article 78 proceeding was then commenced by petitioner, Special Term dismissed the proceeding (124 Misc 2d 81) and this appeal ensued.

Public Officers Law § 89 (3) provides, *inter alia,* that an applicant must request records "reasonably described". Respondents' regulations mirror this requirement (7 NYCRR 5.11). As discussed above, petitioner's present request was denied solely on the ground that it failed to reasonably describe the records sought. A review of the record on appeal fails to indicate that said determination was irrational. Indeed, the record on appeal supports respondents' position that petitioner's request in this case was so broad, sweeping and lacking in specificity as to be impermissible under the requirements of FOIL and 7 NYCRR 5.11.

We note that petitioner was never actually denied access to records, but was simply told that his request was not reasonably specific. In this regard, petitioner was offered assistance by respondents in framing a reasonable description. Such action was in full compliance with FOIL and with the regulations of the Committee on Open Government (21 NYCRR part 1401) and

the Department of Correctional Services (7 NYCRR part 5). The judgment dismissing the petition must, therefore, be affirmed.

Judgment affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur. [124 Misc 2d 81.]