OPINION OF THE COURT
John G. Connor, J.
On February 11, 1986, the Town Board of the Town of Woodstock convened at a regular meeting. At one point, the Board voted to adjourn to an executive session to discuss personnel matters. After the executive session, the Board reconvened the regular meeting and discussed various business before closing the meeting.
Rumors began to circulate that during the executive session *15 the Board discussed allegations that various town constables were sleeping while on duty, and what measures to take regarding those allegations. Upon reaching the media, those rumors engendered a great deal of interest which led to requests for information under Public Officers Law article 6, commonly known as the State Freedom of Information Law (FOIL) (Public Officers Law § 85). Two separate FOIL requests are at issue here. The first request came from a reporter at The Daily Freemen, a newspaper owned by Goodson-Todman Enterprises, Ltd. That request, in pertinent part, sought "records and information pertaining to the suspension of Constable Holsapple and other constables who were discovered sleeping on patrol.” The second FOIL request was made by WDST, a radio station owned by Woodstock Communications, Inc. That request sought
"All records and information in the possession of the Town Board:
"(1) pertaining to original notice or suspicions of allegations of town constables and others involved in sleeping or otherwise avoiding duty ('cooping’) in 1985 and 1986;
"(2) pertaining to fact-finding and each determination of said allegation including the names of personnel involved;
"(3) pertaining to the disposition, finding, punishment and/ or penalty (or lack of same) regarding each said determination, including names of personnel involved and including the vote or decision of each member of the Town Board regarding each determination; and the date and place of each meeting of the Town Board relative to items (2) and (3) above, including the minutes of said meetings.”
The Town Supervisor, John La Valle, denied both FOIL requests. As to the newspaper’s request, he denied access to the records on the basis that such information was specifically exempted from disclosure by another statute. As to the radio station’s request, he indicated that no records existed as to original notices or suspicions that constables were sleeping on duty as in the station’s request denoted subdivision (1). As to items (2) and (3) in the radio station’s request, LaValle refused disclosure on the ground that the material was exempted from disclosure under Civil Rights Law § 50-a, and refused to produce any minutes from Town Board meetings on the same basis. Both the newspaper and radio station, who are represented by the same counsel, filed separate appeals from *16 LaValle’s denial of their respective FOIL requests.* The Town Board, through its counsel, denied both FOIL requests upon the following determination:
"The Town Board hereby denies the appeal of your Freedom of Information request dated March 17, 1986.
"One reason for such denial is that the request did not 'reasonably describe’ the specific records sought, but instead 'records and information pertaining to the suspension etc.’ This request appears unreasonably broad and non-specific as to what specific documents the applicant was seeking.
"The denial of the request, however, more substantively, is on the basis of Section 50-a of the Civil Rights Law which renders exempt information which appears to be as requested as it applies to 'police officers.’ Although constables are not included in the Criminal Procedure Law specifically referenced under Section 50-a, my understanding of the original purpose of the law was to protect law enforcement personnel from inquiry into their personnel records for use by criminal defense attorneys during cross-examination. There does not seem to be any reasonable justification for a distinction between constables and other law enforcement personnel if this, indeed, is the intent of the statute. Rather than risk civil liability for violation of the civil rights of the members of the constabulary, the Town Board has elected to deny Freedom of Information requests with respect to the issue in question pending a direction from a court of competent jurisdiction that such records should be disclosed.”
By complaint dated April 1, 1986, the same date it rendered the FOIL appeal decisions, the town commenced a declaratory judgment action seeking a determination as to whether its denial of the FOIL requests was proper. The declaratory judgment action is the first one captioned on this decision. The court now has before it a motion to dismiss that action made by Goodson-Todman and Woodstock Communications. Approximately one week after serving the notice of motion to dismiss the declaratory judgment action, Goodson-Todman and Woodstock Communications, as petitioners, commenced a CPLR article 78 proceeding against the town. This proceeding is the second-captioned matter appearing on this decision.
*17 In the CPLR article 78 proceeding, petitioners challenge not only the denial of their respective FOIL requests (see, Public Officers Law §89 [4] [b]), but also challenge the propriety of the February 11, 1986 Board meeting as violative of the Open Meetings Law (Public Officers Law art 7) for failure to have been properly noticed (see, Public Officers Law §§ 104, 107 [1]). The town, as respondent, has submitted an answer and objections in point of law seeking to dismiss the petition. The town’s asserted grounds for dismissal are that its declaratory judgment action constitutes a prior action pending (CPLR 3211 [a] [4]), and that its documentary evidence presents a defense to various allegations in the petition (CPLR 3211 [a] [1]).
PROCEDURAL QUESTIONS
The court finds that the town’s declaratory judgment action was improper. Rather than seeking to resolve a recent pending, or future question regarding the rights or obligations of the parties, the town seeks an advisory opinion as to the propriety of its action already taken, i.e., its denial of the FOIL requests. Rendering of such advisory opinion is not the function of the court nor the proper subject matter of a declaratory judgment action (see, Siegel, NY Prac §§ 436, 437 [1978]). This is especially true where, as here, a proceeding pursuant to CPLR article 78 provides the complete remedy to petitioners who claim to be aggrieved by not only the denial of their FOIL requests, but the allegedly improper noticed Board meeting (see, Public Officers Law § 89 [4] [b]; § 107 [1]; 24 Carmody-Wait 2d, NY Prac §§ 147:7, 147:8 [1968]).
Since the motion papers in the declaratory judgment action have been reviewed by this court including certain information relative to the FOIL aspect of petitioner’s CPLR article 78 proceeding, that action is hereby converted to an article 78 proceeding (CPLR 103 [c]) and consolidated with the pending article 78 proceeding now before this court (see, CPLR 602). Correspondingly, the town’s request to dismiss the petition on the ground of a prior action pending (CPLR 3211 [a] [4]) is denied.
This procedural reformation in no way prejudices Richard Ostrander, as Chief Constable and representative of the Town Constabulary, who was joined by the town as a defendant in the declaratory judgment action. Ostrander has not appeared on the motion to dismiss and, moreover, it is evident *18 that he is not a proper party to the article 78 proceeding reviewing the town’s denial of the FOIL requests and alleged violation of the Open Meetings Law. Ostrander is, therefore, dropped from the declaratory judgment action and not joined as a respondent in the article 78 proceeding (CPLR 1003).
Finally, the town’s other objection in point of law may be quickly dismissed here. The town seeks to dismiss various unspecified allegations of the petition to the extent that the allegations are contrary to the documentary evidence presented by the town (CPLR 3211 [a] [1]). The documentary evidence presented, however, is offered to support the town’s position and goes to the merits of the petition to be determined by the court. Rather than a preliminary dismissal, the evidence presented must be reviewed to determine whether the town violated FOIL or the Open Meetings Law.
FOIL ISSUES
As is evident from the town’s denial of petitioners’ respective FOIL appeals, the town refused disclosure of the information requested on two grounds. First, the town contends that the initial FOIL requests were not sufficiently specific as to what documents petitioners sought. Secondly, the town asserted an exemption from disclosure under Civil Rights Law § 50-a.
The court finds the town’s contention that the FOIL requests were not sufficiently specific to be without merit. Public Officers Law § 89 (3) requires that a request for information be "reasonably described”. This requirement is imposed to enable the governmental entity to which the FOIL request is made to locate the records in question. The standard of specificity required in a FOIL request does not rise to the CPLR 3120 level requiring that the documents sought be "specifically described” (Matter of Farbman & Sons v New York City Health & Hosps. Corp., 62 NY2d 75, 82-83; see also, Matter of Capital Newspapers, Div. of Hearst Corp. v Whalen, 113 AD2d 217, 219-220, appeal dismissed 67 NY2d 917).
Both of the FOIL requests here were sufficiently detailed to enable the town to locate the records in question. The newspaper’s FOIL request specified the name of one constable under scrutiny and sought town records pertaining to other constables which were suspected of sleeping while on duty. Surely there was a specific number of constables employed by the town at that time and the request was clearly directed to *19 obtain records as to the town’s action with regard to allegations that one or more of those constables were sleeping on duty.
Similarly, the radio station’s request was sufficiently specific. Although it was broader in the sense of seeking information as to town constables or others who were sleeping or otherwise avoiding duty, it is reasonably perceived to request records the town had in its possession regarding its employees suspected of sleeping or consciously avoiding their employment duties in other ways.
While both FOIL requests seem to seek all records and information in the possession of the town, the subject matter is described such that the town could locate the records sought by petitioners (see, Matter of Johnson Newspaper Corp. v Stainkamp, 94 AD2d 825, 826, mod on other grounds 61 NY2d 958). The requests do not seek records pertaining to all types of employment misconduct by all town employees, but is restricted to employees, primarily constables, who were suspected of sleeping on duty or otherwise not fulfilling their employment duties (cf. Matter of Konigsberg v Coughlin, 110 AD2d 1026, lv granted 65 NY2d 608, appeal dismissed 67 NY2d 938).
The town also refused access to the requested records on the ground that such information was exempt from disclosure by Civil Rights Law § 50-a. Public Officers Law §87 (2) (a) provides that a FOIL request may be denied if the material sought is "specifically exempted from disclosure by state or federal statute”. In relying upon such an exemption, however, the burden is upon the town to prove that the records sought fall squarely within the exemption (see, Public Officers Law § 89 [4] [b]; Matter of Farbman & Sons v New York City Health & Hosps. Corp., 62 NY2d 75, 79-80, supra).
Applying this standard here, the town’s denial of petitioner’s access to the records in question claiming a statutory exemption under Civil Rights Law § 50-a must fail for two reasons. First, it is clear from the town’s determination of petitioners’ FOIL requests that it interpreted Civil Rights Law § 50-a to include constables. This court disagrees.
Civil Rights Law § 50-a, in pertinent part, provides: "1. All personnel records, used to evaluate performance toward continued employment or promotion, under the control of any police agency or department of the state or any political subdivision thereof including authorities or agencies maintain *20 ing police forces of individuals defined as police officers in section 1.20 of the criminal procedure law and such personnel records under the control of a sheriffs department or a department of correction of individuals employed as correction officers shall be considered confidential and not subject to inspection or review without the express written consent of such police officer or correction officer except as may be mandated by lawful court order.” Constables are not defined as police officers pursuant to CPL 1.20 (34) as referred to in Civil Rights Law § 50-a. Rather, constables are considered to be peace officers as specifically defined by CPL 2.10 (1). In this regard, it is important to note that the Legislature amended Civil Rights Law § 50-a in 1981 to bring correction officers within its purview (L 1981, ch 778). Prior to that specific amendment, correction officers were not covered by the language of Civil Rights Law § 50-a since correction officers were, and still are, defined as peace officers (CPL 2.10 [25]). Had the Legislature intended to broaden this privilege of Civil Rights Law § 50-a to include constables, it would have done so by amendment as in the case of correction officers (see, McKinney v State of New York, 111 Misc 2d 382, 385).
Secondly, even assuming, arguendo, that constables are within the purview of Civil Rights Law § 50-a, the town’s exemption claimed under that statute must fail under the recent decision from the Court of Appeals in Matter of Capital Newspapers Div. of Hearst Corp. v Burns (67 NY2d 562 [July 3, 1986]). In Bums, the court undertakes an extensive discussion of the legislative intent behind the enactment of, and amendment to, Civil Rights Law § 50-a.
The court agrees with the decision of the Appellate Division, Third Department, in the case Matter of Capital Newspapers Div. of Hearst Corp. v Burns (109 AD2d 92), finding that Civil Rights Law § 50-a was designed to prevent wide exploration into the personnel records of police or correction officers by counsel who would use the information to harass or embarrass those officers on cross-examination in a civil or criminal litigation. When such as in the instant proceeding a nonlitigating member of the media seeks such personnel records through a FOIL request, Civil Rights Law § 50-a does not create a blanket exemption from disclosure (see, Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 67 NY2d 562, 568-569 [July 3, 1986], supra). Therefore, even if constables were within the purview of Civil Rights Law § 50-a, which they are not, the town’s reliance upon that statute as an *21 exemption from FOIL pursuant to Public Officers Law § 87 (2) (a) is misplaced and cannot preclude petitioners from access to the records sought.
In summary, the court finds that petitioners’ respective FOIL requests were reasonably specific and that the town cannot deny petitioners access to the records requested claiming an exemption from disclosure under Civil Rights Law § 50-a. As a final note in regard to the FOIL requests, the court has addressed only those grounds for nondisclosure raised by the town since it has the burden of proving such an exemption from FOIL disclosure. While other plausible arguments possibly may have been made for nondisclosure considering the subject matter at issue here (see, e.g., Public Officers Law § 87 [2] [b]; Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 67 NY2d 562, 569-570 [July 3, 1986], supra), those arguments have not been raised by the town and the court shall not assume the town’s burden of proof by addressing any such theories sua sponte.
OPEN MEETINGS LAW
Petitioners contend that the February 11, 1986 Board meeting was held in violation of the Open Meetings Law for failure to be properly noticed to the public. Further, petitioners assert that the executive session held during that meeting was improper.
The affidavit of LaValle indicates that at a January 7, 1986 Board meeting, it was decided that a meeting would be held on February 11, 1986. Pursuant to Public Officers Law § 104 (1), notice of that meeting was to be given to the media. LaValle states, and petitioners do not refute, that such notice was given since a reporter from The Daily Freemen (the same reporter who made the FOIL request after the Feb. 11, 1986 meeting) attended the January 7, 1986 meeting. Public Officers Law § 104 (1) does not specify the type of media notice required and the court finds that the media notice as to the February 11, 1986 Board meeting was sufficient in this case.
Public Officers Law § 104 (1) also requires that notice be posted in a designated public location at least 72 hours before the meeting. LaValle states that notice of the meeting was posted on the town bulletin board, but fails to indicate how long before the meeting such notice was posted. To the extent posting of the notice may have violated Public Officers Law § 104 (1), the court finds that such improper notice was unin *22 tentional and petitioners fail to demonstrate any prejudice therefrom. Accordingly, the actions taken by the Board at the February 11, 1986 meeting shall not be invalidated on the basis of improper public notice of that meeting (see, Public Officers Law § 107 [1]).
The court also finds that the executive session called during the February 11, 1986 Board meeting was proper. Minutes from that meeting clearly demonstrate that the Board members, in accordance with Public Officers Law § 105 (1), properly voted "to go into executive session to discuss personnel matters”. Pursuant to Public Officers Law § 105 (1) (f), personnel matters are proper subjects for an executive session.
CONCLUSION
The court finds that the town’s reasons for denying petitioners’ separate FOIL requests are without merit. Accordingly, the town shall permit petitioners to have access to the records sought in those FOIL requests within 30 days of service upon it of the judgment entered on this decision. Those aspects of the petition which challenge the propriety of the Board’s February 11,1986 meetings under the Open Meetings Law are found to be meritless and any relief requested thereon is hereby denied. Petitioners are directed to submit a judgment in accordance with this decision.

 It is noted that the appeals were addressed to LaValle as Town Supervisor who made the initial determinations as to the FOIL requests (see, Public Officers Law § 89 [3]). Apparently, the appeals should have been directed to the Board itself pursuant to Public Officers Law § 89 (4) (a). Any such procedural error has not been raised as an issue and is not before the court.