■ In the Matter of EMPIRE STATE CHAPTER OF ASSOCIATED BUILDERS AND CONTRACTORS, INC., et al., Appellants, v CITY OF OSWEGO et al., Respondents. [659 NYS2d 672] —Judgment unanimously reversed on the law without costs, motion denied, petition granted in part and judgment granted in accordance with the following Memorandum: Respondent City of Oswego (City), in soliciting bids for a sewer separation and renovation project (East Side Sewer Separation & Rehabilitation Project—Phase 2), required the successful bidder to comply with a project labor agreement (PLA). After the City issued its specifications, petitioners commenced this CPLR article 78 proceeding seeking a declaration that the PLA was unlawful, as well as injunctive relief. Supreme Court dismissed the petition, concluding that the PLA was properly included in the bidding specifications for the project. We reverse.

PLAs "are neither absolutely prohibited nor absolutely permitted in public construction projects" (*Matter of New York State Ch., Inc., Associated Gen. Contrs. v New York State Thruway Auth.,* 88 NY2d 56, 65). In response to a challenge that a PLA violates the State's competitive bidding laws, the municipality must show "more than a rational basis" for the necessity of the PLA (*Matter of New York State Ch., Inc., Associated Gen. Contrs. v New York State Thruway Auth., supra,* at 69). The municipality "bears the burden of showing that the decision to enter into the PLA had as its purpose and likely effect the advancement of the interests embodied in the competitive bidding statutes" (*Matter of New York State Ch., Inc., Associated Gen. Contrs. v New York State Thruway Auth., supra,* at 69). A PLA may not be justified simply by the desire of a municipality "for labor stability so that the work will be completed on time" (*Matter of New York State Ch., Inc., Associated Gen. Contrs. v New York State Thruway Auth., supra,* at 75).

We agree with petitioners that the City failed to make the requisite showing to justify the use of a PLA on this project.

Absent from the record is a detailed projection of cost savings as a result of the PLA or the identification of a unique feature of this project that necessitated a PLA (*see, Matter of New York State Ch., Inc., Associated Gen. Contrs. v New York State Thruway Auth., supra,* at 74). Nor does the record demonstrate a history of labor unrest that threatens the success of the project (*see, Matter of New York State Ch., Inc., Associated Gen. Contrs. v New York State Thruway Auth., supra,* at 75). The City's general concern that the project be completed in a timely manner to comply with funding requirements and deadlines imposed by the New York State Department of Environmental Conservation, without more, is not a sufficient basis upon which to impose this "exceptional specification" (*Matter of New York State Ch., Inc., Associated Gen. Contrs. v New York State Thruway Auth., supra,* at 74). Consequently, the petition is granted to the extent that it seeks a declaration that the PLA violates the competitive bidding laws, is void and that any contract let pursuant to the specifications that include the PLA is a nullity. In readvertising the contract for bid, the City is directed to remove the specification that contractors list their subcontractors and suppliers on their bids (*see, Matter of General Bldg. Contrs. v City of Syracuse,* 40 AD2d 584, 585, *mod on other grounds* 32 NY2d 780; 1979 Opns St Comp No. 79-720, at 144). (Appeal from Judgment of Supreme Court, Oswego County, Nicholson, J.—CPLR art 78.) Present—Pine, J. P., Callahan, Doerr, Balio and Boehm, JJ.