■ ABRAHAM SPECTOR, Appellant, v EMIL C. ZUCKERMANN et al., Respondents. [732 NYS2d 243] —In an action to recover damages for fraud and conversion, the plaintiff appeals from an order of the Supreme Court, Kings County (Gigante, J.), dated October 6, 2000, which granted that branch of the defendants' motion pursuant to CPLR 3211 (a) (4) which was to dismiss the complaint and denied his cross motion pursuant to CPLR 602, *inter alia,* to consolidate this action with a related action entitled *Zuckermann v Spector,* pending in Civil Court, New York County, under Index No. 1041TSN/96, for a joint trial in Supreme Court, Kings County.

Ordered that the order is modified by (1) deleting the provision thereof granting that branch of the motion which was to dismiss the complaint and substituting therefor a provision denying that branch of the motion, and (2) deleting the provision thereof denying that branch of the cross motion which was to consolidate the action entitled *Zuckermann v Spector,* Index No. 1041TSN/96, with the instant action for a joint trial in

Supreme Court, Kings County, and substituting therefor a provision granting that branch of the cross motion to the extent of transferring the instant action to Civil Court, New York County, for a joint trial with the action entitled *Zuckermann v Spector,* Index No. 1041TSN/96; as so modified, the order is affirmed, with costs to the plaintiff, the complaint is reinstated, and the Clerk of the Supreme Court, Kings County, is directed to turn over all of the files in the instant action to the Clerk of the Civil Court, New York County.

The defendants Emil C. Zuckermann and The Neurology Group (hereinafter the Doctors) retained the plaintiff Abraham Spector, an attorney, during the late 1980's and early 1990's to prosecute various claims against insurance carriers for no-fault benefits that were assigned to the Doctors. In March 1994 the Doctors discharged Spector for cause and retained the defendant Davidoff & Malito as successor counsel.

In June 1995 the Doctors commenced an action against Spector in Supreme Court, New York County, *inter alia,* to compel him to deliver their files to Davidoff & Malito and for a judgment declaring that they were not obligated to pay Spector for any fees or expenses (hereinafter the Doctors' Action). By order dated July 5, 1995, the Supreme Court, New York County, granted the Doctors' motion to direct Spector to deliver their files and execute substitutions of counsel within 10 days of service of proof of procuring a $50,000 undertaking, and referred the matter to a Special Referee to hear and report on the amount of Spector's charging lien. By order dated August 22, 1996, the Supreme Court, New York County, granted the Doctors' motion to cancel and annul their undertaking in the sum of $50,000, and directed the Doctors' Action to be transferred to Civil Court, New York County, pursuant to CPLR 325 (d).

Spector then commenced this action against the Doctors, Davidoff & Malito, Davidoff & Malito L. L. P., and Adrian Zuckerman (hereinafter Zuckerman) in Supreme Court, Kings County, to recover damages for fraud, conversion, and to recover an attorney's fee and costs pursuant to Judiciary Law § 475 (hereinafter the Spector Action). The defendants in the Spector Action moved, *inter alia,* pursuant to CPLR 3211 (a) (4) to dismiss the complaint. Spector then cross-moved pursuant to CPLR 602, *inter alia,* to consolidate the Doctors' Action with the Spector Action for a joint trial in Supreme Court, Kings County. The Supreme Court granted that branch of the defendants' motion which was to dismiss the Spector Action pursuant to CPLR 3211 (a) (4), and denied Spector's cross motion.

The Supreme Court improperly granted that branch of the defendants' motion which was to dismiss the Spector Action pursuant to CPLR 3211 (a) (4), as it did not seek the same relief as the Doctors' Action (*see,* CPLR 3211 [a] [4]; *Lopez v Shaughnessy,* 260 AD2d 551; *Proietto v Donohue,* 189 AD2d 807). Spector forfeited his retaining lien and lost his security (in the form of an undertaking) after transferring the Doctors' files. He was then required to commence this separate plenary action to obtain a judgment and to enforce his charging lien, since Davidoff & Malito and Zuckerman were not parties to the Doctors' Action (*see, Shatzkin v Shahmoon,* 19 AD2d 658; *Mint Factors v Cedar Tide Corp.,* 133 AD2d 222). The dismissal of the Spector Action improperly foreclosed Spector from pursuing his only remedy to fully enforce the lien against all of the defendants named herein.

Absent a showing of prejudice, a motion to consolidate actions or for a joint trial pursuant to CPLR 602 (a) should be granted where common questions of law or fact exist (*see, Mattia v Food Emporium,* 259 AD2d 527). In addition, where actions commenced in different counties are consolidated pursuant to CPLR 602, the venue generally should be placed in the county where the first action was commenced (*see, Mattia v Food Emporium, supra*). Here, a joint trial is appropriate as both actions involve common parties and questions of fact (*see,* CPLR 602). Moroever, a joint trial would allow Spector to enforce his charging lien, and would not result in any prejudice to the rights of the parties herein. Accordingly, Spector's cross motion is granted to the extent of transferring the Spector Action to Civil Court, New York County, for a joint trial with the Doctors' Action.

Spector's remaining contentions are without merit. O'Brien, J. P., Friedmann, Smith and Cozier, JJ., concur.