■ GREGORY NILES, an Infant, by His Father and Natural Guardian, DAVID NILES, et al., Appellants, v LONG ISLAND RAIL ROAD, Defendant and Third-Party Plaintiff-Respondent. SHEREEM GREEN, an Infant, by His Mother and Natural Guardian, SANDRA GREEN, et al., Third-Party Defendants-Respondents. [738 NYS2d 242] —In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (Milano, J.), dated June 28, 2001, which, in effect, denied their motion to consolidate this action with an action entitled *Green v County of Suffolk,* pending in the Supreme Court, Suffolk County, under Index No. 97-13025, and to conduct the trial in Queens County, and granted the cross motion of the defendant third-party plaintiff to consolidate the actions in Suffolk County to the extent of directing that this action and the action entitled *Green v County of Suffolk,* be tried jointly in the Supreme Court, Suffolk County.

Ordered that the order is affirmed, with costs.

Absent a showing of prejudice, a motion to consolidate actions or for a joint trial pursuant to CPLR 602 (a) should be granted where there are common questions of law or fact (*see,*

*Spector v Zuckermann,* 287 AD2d 704; *Mattia v Food Emporium,* 259 AD2d 527). Moreover, where actions commenced in different counties are joined pursuant to CPLR 602, the venue generally should be placed in the county where the first action was commenced (*see, Spector v Zuckermann, supra* at 706).

It is undisputed that both actions involve common parties and common questions of law and fact. Furthermore, the accident occurred on Long Island Rail Road property in Suffolk County, all of the plaintiffs reside in Suffolk County (*see,* CPLR 503 [a]), and the Long Island Rail Road, while conceding that its principal place of business is in Queens County, may be said to be a resident of Suffolk County for purposes of these actions (*see,* CPLR 503 [c]). The first action was commenced in Suffolk County. Under the circumstances, the Supreme Court providently exercised its discretion in denying the appellants' motion, and granting the cross motion of the Long Island Rail Road to the extent of directing that the actions be tried jointly in Suffolk County (*see,* CPLR 602).

The appellants' remaining contentions are without merit. Ritter, J.P., Feuerstein, O'Brien, H. Miller and Townes, JJ., concur.