■ MITCHELL N. KAY, Appellant, v DAVID S. KRITZER, Respondent. (Action No. 1.) GOODMAN & GOODMAN, ESQS., Respondents, v MITCHELL N. KAY, Appellant, and DAVID S. KRITZER, Respondent. (Action No. 2.) [748 NYS2d 679] —In two actions, inter alia, to recover damages for breach of contract, the appeal is from an order of the Supreme Court, Nassau County (Davis, J.), entered November 20, 2001, which denied the motion of Mitchell N. Kay, the plaintiff in Action No. 1 and a defendant in Action No. 2, for a joint trial of the two actions to be held in Nassau County.

Ordered that the order is reversed, as a matter of discretion, with one bill of costs, the motion is granted, the actions shall be jointly tried in Nassau County, and the Clerk of the Supreme Court, Suffolk County, shall forthwith deliver to the Clerk of the Supreme Court, Nassau County, all papers filed in Action No. 2 and certified copies of all minutes and entries (see CPLR 511 [d]).

"Absent a showing of prejudice, a motion * * * for a joint trial pursuant to CPLR 602 (a) should be granted where there are common questions of law or fact" (*Niles v Long Is. R.R.,* 291 AD2d 538; see *Spector v Zuckermann,* 287 AD2d 704, 706). The Supreme Court improvidently exercised its discretion in declining to direct a joint trial of the two actions since they

involve common questions of fact as well as common issues of proof. Moreover, the opponents of the motion failed to allege that they would be prejudiced by a joint trial of the two actions. Therefore, a joint trial is warranted (*see Mattia v Food Emporium,* 259 AD2d 527).

Furthermore, "where actions commenced in different counties are consolidated pursuant to CPLR 602, the venue generally should be placed in the county where the first action was commenced" (*Spector v Zuckermann, supra* at 706; *see Mattia v Food Emporium, supra*). Since Action No. 1 was commenced in Nassau County before Action No. 2 was commenced in Suffolk County, and since there are no circumstances that dictate a departure from the general rule, the venue for the joint trial shall be Nassau County. Santucci, J.P., O'Brien, McGinity and Townes, JJ., concur.