■ RICHARD DEON et al., Respondents, v FRANK J. FORTUNA, Appellant. (Action No. 1.) RICHARD DEON et al., Plaintiffs, v

Hanover Tap Room & Eatery, Inc., Defendant. (Action No. 2.) [756 NYS2d 459] —In related actions to recover damages for personal injuries, etc., Frank Fortuna, the defendant in Action No. 1, appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (Hillery, J.), dated January 9, 2002, as granted that branch of the motion of the plaintiffs in that action which was for a joint trial of the two actions.

Ordered that the order is modified by deleting the provision thereof granting that branch of the motion which was for a joint trial of the two actions and substituting therefor a provision granting that branch of the motion only to the extent of directing a joint trial on the issue of damages in the event that the defendant in Action No. 2 is found liable; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In August 1998 the plaintiff Richard Deon was operating a motor vehicle in which his daughter, Louise Deon, was a passenger, when their vehicle collided with a vehicle owned and operated by Frank Fortuna. Thereafter the Deons (hereinafter the plaintiffs) commenced an action against Fortuna in which it was alleged that Fortuna was negligent in operating his vehicle by crossing over into oncoming traffic. Subsequently, the plaintiffs commenced a separate action against Hanover Tap Room & Eatery, Inc. (hereinafter Hanover), wherein they alleged that Hanover violated General Obligations Law § 11-101 (1), known as the Dram Shop Act, by serving Fortuna an excessive amount of alcohol, causing his intoxication and the accident (hereinafter the Dram Shop Action). Fortuna has conceded liability in the action brought against him. The plaintiffs moved for consolidation and/or a joint trial of the two actions. The Supreme Court granted the motion to the extent of ordering a joint trial. We modify.

Since he has conceded liability, Fortuna is correct that it would be prejudicial to him to jointly try the negligence action with the Dram Shop action (see Niles v Long Is. R.R., 291 AD2d 538 [2002]). However, if the plaintiffs obtain a liability verdict against Hanover in the Dram Shop action, judicial economy would be best served by conducting a joint trial before a different jury for the purpose of determining damages since the damages sustained by the plaintiffs, if any, are necessarily the same in both cases (see CPLR 602 [a]). Santucci, J.P., Krausman, McGinity, Schmidt and Crane, JJ., concur.