■ FRANK MITCHELL CORSO, P.C., Appellant, v SULLIVAN, PAPAIN, BLOCK, McGRATH & CANNAVO, P.C., Respondent. [822 NYS2d 782]—In an action to recover for professional services rendered, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Brandveen, J.), dated June 22, 2005, as, in effect, upon renewal, adhered to its prior determination in an order dated January 24, 2005, denying its motion for summary judgment on the complaint and granting the defendant's cross motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action.

Ordered that the order dated June 22, 2005, is modified, on the law, by deleting the provision thereof, upon renewal, adher-

ing to so much of the prior determination as granted the cross motion and substituting therefor a provision, upon renewal, denying the cross motion and vacating so much of the order dated January 24, 2005, as granted the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

Taking the allegations of the complaint, as amplified by the plaintiff's other submissions in the case, as true, and giving the plaintiff every favorable inference to be drawn therefrom, we find that the plaintiff sufficiently pleaded a cause of action to recover under Judiciary Law § 475 for the reasonable value of the legal services rendered (*see generally Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *see also Schneider, Kleinick, Weitz, Damashek & Shoot v City of New York*, 302 AD2d 183, 186 [2002]). Thus, the Supreme Court, upon renewal, should have denied the defendant's cross motion to dismiss the complaint.

The Supreme Court, upon renewal, properly adhered to the original determination denying the plaintiff's motion for summary judgment on the complaint since discovery has yet to commence and triable issues of fact exist, inter alia, as to whether or to what extent the plaintiff surrendered its rights under the retaining lien in exchange for turning over the files (*see Spector v Zuckermann*, 287 AD2d 704, 706 [2001]) or whether it waived any lien (*see Matter of Cohen v Grainger, Tesoriero & Bell*, 81 NY2d 655, 658-659 [1993]; *Kaplan v Reuss*, 113 AD2d 184, 187 [1985], *affd* 68 NY2d 693 [1986]). Prudenti, P.J., Mastro, Fisher and Lunn, JJ., concur.