■ Hiroshi Nakazawa, Respondent-Appellant, v Henry Horowitz et al., Respondents, and Cornell & Cornell, LLP, Appellant-Respondent. [856 NYS2d 231]—In an action to recover damages for legal malpractice and negligence, the defendant Cornell & Cornell, LLP, appeals from so much of an order of the Supreme Court, Rockland County (Liebowitz, J.), dated May 15, 2007, as denied that branch of its motion, made jointly with the defendant Doig, Cornell, & Mandel, LLP, pursuant to CPLR 3211 (a) (4), which was to dismiss the complaint insofar as asserted against it; and the plaintiff cross-appeals from so much of the same order as granted the motion of the defendant Henry Horowitz pursuant to CPLR 3211 (a) (4) to dismiss the complaint insofar as asserted against him and granted that branch of the joint motion of the defendants Cornell & Cornell, LLP, and Doig, Cornell, & Mandel, LLP, pursuant to CPLR 3211 (a) (4), which was to dismiss the complaint insofar as asserted against Doig, Cornell, & Mandel, LLP.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the joint motion of the defendants Cornell & Cornell, LLP, and Doig, Cornell, and Mandel, LLP, which was to dismiss the complaint insofar as asserted against Doig, Cornell, and Mandel, LLP, and substituting therefor a provision denying that branch of the joint motion

as academic, and (2) by deleting the provision thereof granting the motion of the defendant Henry Horowitz to dismiss the complaint insofar as asserted against him and substituting therefor a provision denying that motion; and as so modified, the order is affirmed, with costs to the plaintiff.

Pursuant to CPLR 3211 (a) (4), a court has broad discretion as to the disposition of an action when another action is pending (*see Whitney v Whitney,* 57 NY2d 731, 732 [1982]) and may dismiss one of the actions where there is a substantial identity of the parties and causes of action (*see Montalvo v Air Dock Sys.,* 37 AD3d 567 [2007]).

Approximately nine months before the order under review was issued, an earlier third-party complaint brought by the plaintiff herein against the defendants herein Doig, Cornell, & Mandel, LLP (hereinafter Doig Cornell), and Henry Horowitz in a related action was dismissed insofar as asserted against Doig Cornell. With the dismissal of that third-party complaint against Doig Cornell in the related action, the branch of the joint motion in this action which was to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (4) became academic (*see Diaz v Philip Morris Cos., Inc.,* 28 AD3d 703, 705 [2006]; *Van Bron Corp. v Gier's Farm Serv.,* 273 AD2d 811 [2000]; *see also Kung v Farinella,* 277 AD2d 427 [2000]).

The Supreme Court erred in granting Henry Horowitz's motion pursuant to CPLR 3211 (a) (4) to dismiss the instant complaint insofar as asserted against him, as the instant complaint does not assert the same causes of action as the third-party complaint in the related action (*see Haller v Lopane,* 305 AD2d 370 [2003]; *Zirmak Invs. v Miller,* 290 AD2d 552, 553 [2002]; *Spector v Zuckermann,* 287 AD2d 704, 706 [2001]; *Equestrian Assoc. v Freidus,* 192 AD2d 572, 574 [1993]; *J. A. Valenti Elec. Co. v Board of Educ., Yonkers,* 56 AD2d 884, 885 [1977]).

Finally, contrary to its contention, the defendant Cornell & Cornell, LLP, was not a party to the third-party action seeking contribution and indemnification in the related action (*see Marcus Dairy v Jacene Realty Corp.,* 193 AD2d 653 [1993]), and it failed to submit proof of identity sufficient to sustain a motion to dismiss (*see Proietto v Donohue,* 189 AD2d 807, 807-808 [1993]).

The remaining contentions of Doig Cornell and Cornell & Cornell, LLP, are without merit. Skelos, J.P., Fisher, Dillon and McCarthy, JJ., concur.