**Ijezie v Rozenberg**

2024 NY Slip Op 30347(U)

January 30, 2024

Supreme Court, New York County

Docket Number: Index No. 158888/2023

Judge: John J. Kelley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. JOHN J. KELLEY**

*Justice*

PART 56M

---------------------------------------------------------------------------------X

SAMARI IJEZIE,

INDEX NO. 158888/2023

MOTION DATE 01/16/2024

Plaintiff,

MOTION SEQ. NO. 003

- v -

LANA ROZENBERG, D.D.S., and LANA ROZENBERG D.D.S., P.C.,

**DECISION + ORDER ON MOTION**

Defendants.

---------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 003) 17, 18, 19, 20, 21, 25, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42

were read on this motion to/for       CONSOLIDATE/JOIN FOR TRIAL/X-MOT DISMISS .

In this action to recover damages for dental malpractice, the plaintiff moves pursuant to CPLR 602(a) to consolidate the action entitled *Rozenberg v Ijezie*, pending in the Civil Court, New York County, under Civil Court Index No. CC-060225-22/NY (the Civil Court action) with the instant action. The defendants oppose the motion, and cross-move pursuant to CPLR 3211(a)(4) to dismiss the complaint in this action on the ground that the Civil Court action constitutes a prior action pending for the same relief as the instant action. The plaintiff opposes the cross motion. The plaintiff's motion is granted, the defendants' cross motion is denied, the Civil Court action is consolidated with the instant action to the extent of joining them for trial, the Clerk is directed to assign a New York County Supreme Court index number to the transferred Civil Court action, without the requirement of payment of an additional index number fee, the caption is amended accordingly, and the trial in the Civil Court action is permanently stayed.

On June 27, 2022, the defendant Lana Rozenberg, D.D.S., commenced the Civil Court action against the plaintiff in the Commercial Claims Part of the Civil Court, New York County (*see* New York City Civ Ct Act §§ 400, 1801-A), seeking to recover $10,000, based on the

**158888/2023   IJEZIE, SAMARI vs. ROZENBERG DDS, LANA ET AL**
**Motion No.  003**

Page 1 of 6

[* 1]

plaintiff's alleged failure to pay invoiced fees for dental services. On November 30, 2022, the plaintiff answered Rozenberg's claim in the Civil Court action, and counterclaimed to recover for dental malpractice. Rozenberg amended her claim in the Civil Court action on January 11, 2023. On June 2, 2023, Rozenberg's claim in the Civil Court action was dismissed for her failure to appear at a call of that court's calendar. In an order dated August 20, 2023, the Civil Court (Li, J.) reinstated Rozenberg's claim. On August 29, 2023, the plaintiff served an amended answer to Rozenberg's claim in the Civil Court action, asserting several affirmative defenses sounding in dental malpractice, but withdrawing the counterclaim to recover for dental malpractice. On September 8, 2023, the plaintiff commenced the instant dental malpractice against Rozenberg and Rozenberg's practice, Lana Rozenberg, D.D.S., P.C. The Civil Court action has been called ready for trial for February 5, 2024.

"Pursuant to CPLR 3211(a)(4), a court has broad discretion in determining whether an action should be dismissed on the ground that there is another action pending between the same parties for the same cause of action" (*Jadron v 10 Leonard St., LLC*, 124 AD3d 842, 843 [2d Dept 2015]). Inasmuch as the plaintiff amended her answer in the Civil Court action so as to withdraw her dental malpractice counterclaim several weeks before commencing this action, there was no longer an action pending in which the plaintiff was seeking the same relief at the time that she commenced the instant action. Moreover, it is of no moment that the affirmative defenses that the plaintiff raised in the Civil Court action may implicate the same issues of dental malpractice as were raised in the instant action, since the actual claims in the two actions seek completely different relief---payment of professional fees in the Civil Court action and recovery for pain and suffering in the instant dental malpractice action (*see Nakazawa v Horowitz*, 56 AD3d 985, 986 [2d Dept 2008]; *Zirmak Invs., L.P. v Miller*, 290 AD2d 552, 553 [2d Dept 2002]; *J.A. Valenti Electric Co. v Board of Educ., Yonkers*, 56 AD2d 884, 885 [2d Dept 1977]). Hence, the defendants failed to establish their entitlement to dismissal of the complaint

**158888/2023   IJEZIE, SAMARI vs. ROZENBERG DDS, LANA ET AL**
**Motion No.  003**

**Page 2 of 6**

2 of 6

in this action on the ground that a prior action was pending between the parties for the same relief, and their cross motion thus must be denied.

In any event, even if the plaintiff did not withdraw her dental malpractice counterclaim in the Civil Court action, that court lacked subject matter jurisdiction over it. Although the Civil Court generally has jurisdiction over counterclaims in excess of the monetary limitation otherwise imposed on claims initially asserted in that court (*see* NY Const, art VI, § 15[b]; New York City Civ Ct Act § 208[b]; *Matter of Moorman v Meadow Park Rehabilitation and Health Care Center, LLC*, 57 AD3d 788, 789 [2d Dept 2008]), with respect to claims prosecuted in the Commercial Claims Part, New York City Civ Ct Act §1805-A(c) provides that "no counterclaim shall be permitted in a commercial claims action, unless the court would have had monetary jurisdiction over the counterclaim if it had been filed as a commercial claim. Any other claim sought to be maintained against the claimant may be filed in any court of competent jurisdiction." Since the plaintiff's initial counterclaim could not be filed as a commercial claim and her demand for relief necessarily exceeded the monetary jurisdiction of the Civil Court, that court would have been obligated to dismiss the counterclaim for lack of subject matter jurisdiction regardless of whether the defendants moved to dismiss it, since "'a defect in subject matter jurisdiction may be raised at any time by any party or by the court itself, and subject matter jurisdiction cannot be created through waiver, estoppel, laches or consent'" (*Strunk v New York State Bd. of Elections*, 126 AD3d 777, 779 [2d Dept 2015], quoting *Burke v Aspland*, 56 AD3d 1001, 1003 [3d Dept 2008]; *see Financial Indus. Regulatory Auth., Inc. v Fiero*, 10 NY3d 12, 17 [2008]). Hence, the Civil Court action never could have been a pending action for the same relief within the meaning of CPLR 3211(a)(4), and, under the circumstances presented here, this court nonetheless would have exercised its discretion to deny the cross motion on that ground had the counterclaim not been withdrawn.

The court, however, exercises its discretion to consolidate the Civil Court action with this action to the extent of joining them for trial. "Consolidation is generally favored in the interest of

**158888/2023  IJEZIE, SAMARI vs. ROZENBERG DDS, LANA ET AL**
**Motion No.  003**

Page 3 of 6

judicial economy and ease of decision-making where cases present common questions of law and fact, 'unless the party opposing the motion demonstrates that a consolidation will prejudice a substantial right'" (*Raboy v McCrory Corp*., 210 AD2d 145 [1st Dept 1994], quoting *Amtorg Trading Corp. v Broadway & 56th St. Assoc.*, 191 AD2d 212, 213 [1st Dept 1993]).  The issues in both the Civil Court action and this action include whether the defendants committed dental malpractice.  Moreover, although the Civil Court action is ready for trial, the issue of nonpayment of professional fees there is a simple one, and there is no indication that joinder of the two actions for the completion of discovery in this action and the contemporaneous trial of the two actions will prejudice a substantial right of any party (*see Amcan Holdings, Inc. v Torys LLP*, 32 AD3d 337 [1st Dept 2006]).  In fact, consolidation or joinder is frequently employed as an alternative to dismissal under CPLR 3211(a)(4), even where dismissal remains an option (*see Woodstock v Goodson-Todman Enters., Ltd*., 133 Misc 2d 12, 17 [Sup Ct, Ulster County 1986]).  Nonetheless, to avoid confusion, the court concludes that the actions should not be fully consolidated since full consolidation would result in a party being both a plaintiff and a defendant in the same action (*see Geneva Temps, Inc. v New York World Communities, Inc.*, 24 AD3d 332, 335 [1st Dept 2005]; *see also M & K Computer Corp. v MBS Indus*., 271 AD2d 660 [2d Dept 2000]; *see generally Alizio v Perpignano*, 78 AD3d 1087, 1088 [2d Dept 2010]).

In light of this court's determination to transfer the Civil Court action to this court and consolidate it with the instant action to the extent of joining the two actions for trial, the court permanently stays the trial of the Civil Court action.

Accordingly, it is,

ORDERED that the plaintiff's motion is granted, and the action entitled *Rozenberg v Ijezie*, pending in the Civil Court, New York County, under Civil Court Index No. CC-060225-22/NY, is removed and transferred to this court and consolidated with the action entitled *Ijezie v Rozenberg*, pending in the Supreme Court, New York County under Index No. 158888/2023, to the extent of joining them for trial; and it is further,

**158888/2023  IJEZIE, SAMARI vs. ROZENBERG DDS, LANA ET AL**                    **Page 4 of 6**
  **Motion No.  003**

[* 4]                                                   4 of 6

ORDERED that the defendants' cross motion to dismiss the complaint in this action is denied; and it is further,

ORDERED that, within 15 days of the entry of this decision and order, the plaintiff shall serve a copy of this decision and order with notice of entry upon both the County Clerk and the Clerk of the General Clerk's Office, which shall be effectuated in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases, accessible at the "E-Filing" page on the court's website at https://www.nycourts.gov/LegacyPDFS/ courts/ 1jd/supctmanh/Efil-protocol.pdf (nycourts.gov), and, to comply with those procedures, the plaintiff shall (1) upload the decision and order with notice of entry to the NYSCEF system under document title "SERVICE ON SUPREME COURT CLERK (GENL CLERK) W/COPY OF ORDER" **AND** (2) separately file and upload the notice required by CPLR 8019(c) in a completed Form EF-22, along with a copy of the decision and order with notice of entry, under document title "NOTICE TO COUNTY CLERK CPLR 8019(C)"; and it is further,

ORDERED that, within 15 days of the entry of this decision and order, the plaintiff shall also serve a copy of this decision and order with notice of entry upon the Clerk of the Civil Court, New York County, 111 Centre Street, New York, New York 10013; and it is further,

ORDERED that, upon the plaintiff's service of a copy of this order with notice of entry upon all appropriate clerks' offices, as set forth above, the trial in the action entitled *Rozenberg v Ijezie*, pending in the Civil Court, New York County, under Index No. CC-060225-22/NY be, and hereby is, permanently stayed; and it is further,

ORDERED that the caption of the actions joined for trial are amended to read as follows:

-------------------------------------------------------------X

SAMARI IJEZIE,

                     Plaintiff,                   ACTION NO. 1

                                            Index No. 158888/2023

           v

LANA ROZENBERG, D.D.S., and LANA ROZENBERG, D.D.S., P.C.,

                         Defendants.

----------------------------------------------------------------------X

LANA ROZENBERG, D.D.S.,

                         Plaintiff,                              ACTION NO. 2
                                                    NYC Civ Ct Ind. No. CC-060225-22/NY

                         V

SAMARI IJEZIE,

                         Defendant.

----------------------------------------------------------------------X;

and it is further,

ORDERED that, upon the plaintiff's service of a copy of this order with notice of entry upon all appropriate court clerks' offices, as set forth above, (a) the County Clerk shall assign a new New York County Supreme Court index number to Action No. 2, without the necessity of the payment of an additional index number fee, (b) the County Clerk and all appropriate court support offices shall thereupon note the consolidation and joinder for trial, and shall amend the caption and the court records accordingly, and (c) the Clerk of the Civil Court shall deliver to the New York County Clerk, as Clerk of the Supreme Court, New York County, all papers filed in the action entitled *Rozenberg v Ijezie*, pending in the Civil Court, New York County, under Civil Court Index No. CC-060225-22/NY, and certified copies of all minutes and entries.

This constitutes the Decision and Order of the court.

| 1/30/2024 | | | |
|---|---|---|---|
| **DATE** | | | **JOHN J. KELLEY, J.S.C.** |

| MOTION: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |
| CROSS MOTION: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | | GRANTED | X | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**158888/2023   IJEZIE, SAMARI vs. ROZENBERG DDS, LANA ET AL**                    **Page 6 of 6**
**Motion No.  003**

6 of 6