■ TIMOTHY P. FORGET et al., Appellants, v RONALD E. RAYMER et al., Respondents.—Order unanimously modified and, as modified, affirmed, with costs to plaintiffs, in accordance with the following memorandum: Plaintiffs are nine residents and taxpayers in the Town of Williamson. Defendant Raymer is the owner of real property in the town which he leases to defendant B. R. De Witt, Inc., for the purpose of excavating and removing sand, gravel and stone. Plaintiffs instituted this action seeking a declaration that the use of the premises is illegal under the town's zoning ordinances and enjoining the operation because it constitutes a nuisance. Defendant Raymer moved to dismiss the action on the ground that another action is pending between the same parties and on the additional ground that the complaint failed to state a cause of action under the applicable provisions of the Town Law. Plaintiffs appeal from the order granting that relief. The "pending action" which the court deemed a bar to this action is a CPLR article 78 proceeding between Marie Forget, the wife of one of the plaintiffs here, as petitioner, against the named members of the Town Zoning Board of Appeals and various town officials, and Raymer and B. R. De Witt, Inc., as respondents. In that proceeding Ms. Forget seeks review of the zoning

board's determination that the gravel operation is a valid nonconforming use under the town's ordinances. CPLR 3211 (subd [a], par 4) authorizes dismissal of an action when another action is pending involving the same parties and cause. Dismissal is warranted if there is a substantial identity of the parties in the two actions and of the two causes of action (see *Pierre Assoc. v Citizens Cas. Co. of N. Y.,* 32 AD2d 495, 497; *Dresdner v Goldman Sachs Trading Corp.,* 240 App Div 242; and cf. 4 Weinstein-Korn-Miller, NY Civ Prac, par 3211.21; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3211.14 *et seq.,* p 20). If the parties are not the same and even though plaintiffs seek much the same end by their actions, the subsequent action should not be dismissed (see *Schroeder v Ziring,* 265 App Div 1058; *Dresdner v Goldman Sachs Trading Corp., supra).* Turning to this appeal, the plaintiffs in the two actions that we are considering are not identical. Marie Forget is the only petitioner in the CPLR article 78 proceeding and she is not a party to the present action. That being so, the motion to dismiss under CPLR 3211 (subd [a], par 4) should have been denied and those plaintiff landowners who are affected by the alleged nuisance created by De Witt's use of the land should be permitted to seek to enjoin it notwithstanding its compliance with zoning restrictions. However, that part of the order which dismissed plaintiffs' first cause of action brought pursuant to subdivision 2 of section 268 of the Town Law was properly granted and we affirm as to it. In a taxpayer's action to enforce compliance with the zoning law upon failure of the town officers to do so, the taxpayer plaintiffs have no greater right to demand compliance than do the town officials. In this case the town could not question the validity of defendants' use of the subject property because the town building inspector and the Town Zoning Board of Appeals had declared formally that the use was a legal and nonconforming use (see *Tarrant v Incorporated Vil. of Roslyn,* 10 AD2d 37, affd 8 NY2d 1129; *Dalton v Van Dien,* 72 Misc 2d 292). Inasmuch as the town officials could not institute legal action to enjoin the use, the plaintiffs may not do so (2 Anderson, New York Zoning Law & Practice [2d ed], § 23.06). (Appeal from order of Wayne Supreme Court—dismiss complaint.) Present—Marsh, P. J., Moule, Simons, Dillon and Hancock, Jr., JJ.