■ Noemi Colon et al., Respondents, v Herbert Gold, Appellant, et al., Defendants.—In an action to recover damages for personal injuries, the defendant Herbert Gold appeals from an order of the Supreme Court, Kings County (Horowitz, J.), dated October 3, 1988, which granted the plaintiffs' motion for leave to serve a further amended summons and complaint, and to dismiss the appellant's affirmative defense of lack of jurisdiction, and which denied the appellant's cross motion to dismiss an amended summons and complaint dated December 7, 1987, insofar as it is asserted against him.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof which granted that branch of the plaintiffs' motion which was for leave to serve a further amended summons and complaint and substituting therefor a provision denying that branch of the motion, and (2) deleting the provision thereof denying the appellant's cross motion and substituting therefor a provision granting the cross motion, and dismissing the amended summons and complaint dated December 7, 1987, insofar as it is asserted against him; as so modified, the order is affirmed, with costs payable by the plaintiffs.

The plaintiff Noemi Colon was injured on November 26, 1985, when she fell on a first floor staircase on premises allegedly owned by the defendant Herbert Gold. A total of four actions were commenced naming Herbert Gold, Gold Realty, Herbert Gold Realty and Tillie Gold, respectively, as party defendants. The plaintiffs have since discontinued the actions against all the named defendants except the defendant Herbert Gold after repeated requests by that defendant to stipulate to a discontinuance.

CPLR 3211 (a) (4) provides that a party may move for judgment dismissing one or more causes of action on the ground that there is another action pending between the same parties for the same cause of action in a court of any State or the United States. Dismissal on this ground, however, is not mandatory. Trial courts are vested with broad discretion in considering whether to dismiss an action on the basis of a prior pending action (see, Whitney v Whitney, 57 NY2d 731; accord, Case Capital Corp. v Morgan Invs., 154 AD2d 501).

Since an identical action was commenced against Herbert Gold on or about August 7, 1987, the amended summons and complaint dated December 7, 1987, was purely duplicative in nature. The conduct of the plaintiffs' counsel in indiscriminately commencing multiple lawsuits emanating from the same underlying event will not be condoned. Under these circumstances, the Supreme Court erred in failing to dismiss pursuant to CPLR 3211 (a) (4) the amended summons and the complaint dated December 7, 1987, insofar as it is asserted against Herbert Gold.

The plaintiffs conceded that they had no interest in pursuing the litigation against any of the named defendants other than Herbert Gold. Accordingly, granting leave to serve a further amended complaint was unwarranted since an identical complaint naming Herbert Gold as the sole defendant had previously been served and answered.

Inasmuch as the action commenced by service of the amended summons and complaint dated December 7, 1987, is dismissed, any answer and affirmative defenses asserted in connection therewith are likewise dismissed. Bracken, J. P., Brown, Kunzeman and Sullivan, JJ., concur.