■ LEONARD PROIETTO, Appellant, v FRANCES DONOHUE et al., Respondents, et al., Defendants.—In an action, *inter alia,* to recover damages for fraud and breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Underwood, J.), dated October 18, 1990, which granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (4) on the ground that another action was pending between the parties for the same relief, and denied additional applications as moot.

Ordered that the order is reversed, on the law, with one bill of costs, the defendants' motion is denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for consideration of the merits of those applications which it had denied as moot.

CPLR 3211 (a) (4) provides that a court may dismiss an action on the ground that "there is another action pending between the same parties for the same cause of action in a court of any state". Although the determination of such a motion is committed to the sound discretion of the motion court *(see, Whitney v Whitney,* 57 NY2d 731, 732; *Colon v Gold,* 166 AD2d 406), we find that it was an improvident exercise of discretion to grant the defendants' motion to dismiss in this case.

While complete identity of parties is not a necessity for dismissal under CPLR 3211 (a) (4) *(see, Barringer v Zgoda,* 91 AD2d 811), there must at least be a "substantial" identity of parties "which generally is present when at least one plaintiff

and one defendant is common in each action" *(Morgulas v Yudell Realty,* 161 AD2d 211, 213). In the instant case, the plaintiff Leonard Proietto, who was a defendant in a pending action arising out of the same sale of a travel agency business as is involved here, is the sole party who is common to both actions. That two of the defendants in the case at bar are, or were, the wives of two of the parties in the other action, is insufficient to provide the identity of parties required to sustain a motion to dismiss *(see, Forget v Raymer,* 65 AD2d 953; *also, Mullins v Saul,* 130 AD2d 634). Since there was no substantial identity of the parties, the court erred in dismissing the complaint under CPLR 3211 (a) (4). Thompson, J. P., Balletta, Ritter and Santucci, JJ., concur.