■ LOIS M. SCORSONE, Individually and as Executrix of JOHN C. SCORSONE, Deceased, Appellant, v MARK LAMPELL et al., Respondents. (Appeal No. 1.) [656 NYS2d 1025] —Judgment unanimously reversed on the law with costs, motion denied and complaint reinstated. Memorandum: A judgment was entered on the same date as the order from which this appeal was taken. The order is subsumed within the judgment and the appeal is properly from the judgment, not the order (*see, Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988; *Chase Manhattan Bank v Roberts & Roberts*, 63 AD2d 566, 567). Nevertheless, we exercise our discretionary power to treat the appeal as one taken from the judgment (*see,* CPLR 5520 [c]; *Hughes v Nussbaumer, Clarke & Velzy, supra*).

Supreme Court erred in granting defendants' motion to dismiss the complaint for failure to prosecute (*see,* CPLR 3216). In dismissing the complaint, the court determined that plaintiff

showed a justifiable excuse for the delay in responding to defendants' 90-day demand, but that she failed to show a good and meritorious cause of action (*see,* CPLR 3216 [e]). In our view, however, the affidavit of plaintiff's medical expert is sufficient to support plaintiff's allegation that the treatment rendered to plaintiff's decedent fell below acceptable standards and caused his death (*see, Kilty v Brooks,* 208 AD2d 806, 807; *Drennon v Faris Pharmacy,* 197 AD2d 863). (Appeal from Judgment of Supreme Court, Monroe County, Fisher, J.—Dismiss Complaint.) Present—Green, J. P., Pine, Callahan, Balio and Boehm, JJ.