■ In the Matter of RONALD R. BENJAMIN, Appellant, v MATERIAL DAMAGE ADJUSTMENT CORPORATION et al., Respondents. [711 NYS2d 641] —Mercure, J. P. Appeal from an order of the Supreme Court (Monserrate, J.), entered January 27, 2000 in Broome County, which, *inter alia*, dismissed petitioner's application pursuant to Judiciary Law § 475 for counsel fees.

Petitioner is an attorney at law and is the principal of the Law Offices of Ronald R. Benjamin.* In November 1997, Sharon Schriver and Richard Schriver retained petitioner to represent them in connection with a personal injury action against Scott Correll. Respondent Wayne M. Chariff, who was then employed by petitioner as an associate, was assigned primary responsibility for the action. In June 1999, Chariff left

* For the purpose of this appeal, we need make no distinction between petitioner and his law firm and references to petitioner will, where appropriate, include both of them.

petitioner's employ. Chariff was thereafter substituted as attorney of record for the Schrivers and in August 1999 he settled the action against Correll for $75,000, which was paid by Correll's insurance carrier, respondent Material Damage Adjustment Corporation. Chariff thereupon paid petitioner $12,936.43, constituting 50% of the one-third contingent fee and disbursements of $436.43.

In November 1999, petitioner brought this proceeding pursuant to Judiciary Law § 475 asserting a charging lien against the settlement proceeds and demanding that he be paid the balance of the contingent fee, $12,063.57. Finding that petitioner and Chariff had agreed to an equal division of the contingent fee and that petitioner had been paid his full share, Supreme Court dismissed the petition. Supreme Court further concluded that petitioner's maintenance of the proceeding constituted frivolous conduct (see, 22 NYCRR 130-1.1) and therefore awarded costs to respondents and imposed a $2,000 sanction against petitioner. Petitioner appeals.

We affirm. The evidence adduced before Supreme Court and particularly the August 27, 1999 letter of petitioner's associate, Marya Young, make it clear that at the time petitioner authorized the substitution of attorneys he agreed with Chariff to an even division of the contingent fee ultimately received in the action. Therefore, although petitioner had a valid charging lien which survived the substitution of attorneys (see, Klein v Eubank, 87 NY2d 459), his agreement with Chariff limited his recovery to 50% of the contingent fee. Payment of that sum satisfied petitioner's claim and extinguished his lien (see, Lai Ling Cheng v Modansky Leasing Co., 73 NY2d 454, 458; Kaplan v Reuss, 113 AD2d 184, affd 68 NY2d 693). Although the amount of the settlement and the apparent ease with which Chariff was able to secure it may have led petitioner to believe that he had made a poor bargain, his resulting disappointment provided no legal basis for this proceeding.

As a final matter, it is our view that the proceeding was baseless and that Supreme Court did not abuse its discretion in awarding costs and imposing sanctions pursuant to 22 NYCRR 130-1.1. We have considered and reject the parties' remaining arguments.

Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.