■■■ Sara L. Westfall et al., as Coadministrators of the Estate of Sara F. Westfall, Also Known as Sara F. Hooper, Deceased, Appellants, v County of Erie et al., Defendants. Miserendino, Celniker, Seegert & Estoff, P. C., Respondent. [722 NYS2d 327] —Judgment unanimously affirmed with costs. Memorandum: A judgment was entered subsequent to the entry of the order from which this appeal was taken. Although the order is subsumed within the judgment and the appeal is properly from the judgment, not the order (*see, Hughes v Nussbaumer, Clarke & Velzy,* 140 AD2d 988), we exercise our discretionary power to treat the appeal as one taken from the judgment (*see,* CPLR 5520 [c]; *Scorsone v Lampell,* 237 AD2d 992).

Supreme Court properly granted the petition of Miserendino, Celniker, Seegert & Estoff, P. C. (Miserendino, Celniker firm) for an order enforcing a stipulation allocating plaintiffs' attorneys' fees between the Miserendino, Celniker firm and

Timothy J. Toohey, P. C. (Toohey). Contrary to plaintiffs' contention, the Miserendino, Celniker firm was not required to commence a separate action to enforce its charging lien (*cf., Rebmann v Wicks,* 259 AD2d 972, 973). Rather, as plaintiffs' former attorney of record, the Miserendino, Celniker firm was entitled to initiate a proceeding to determine and enforce its charging lien pursuant to Judiciary Law § 475 (*see generally, Klein v Eubank,* 87 NY2d 459, 461-462, *rearg denied* 87 NY2d 1056; *Matter of Benjamin v Material Damage Adj. Corp.,* 275 AD2d 527, 528). The court properly enforced the stipulation and awarded the Miserendino, Celniker firm 40% of the contingent fee attributable to the settlement of the action against both defendants (*see, Matter of Benjamin v Material Damage Adj. Corp., supra,* at 528). (Appeal from Judgment of Supreme Court, Erie County, Whelan, J.—Counsel Fees.) Present—Green, J. P., Wisner, Hurlbutt and Burns, JJ.