■ Edward Bazinet, Plaintiff, v Galina Kluge, Individually and as Executrix of Michael Kluge, Deceased, Respondent, and Samuel J. Reiser, Appellant. (And a Third-Party Action.) [788 NYS2d 77]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered on or about June 5, 2003, insofar as it denied defendant Reiser's motion to dismiss or stay the prosecution of the second and fifth cross claims against him, and order, same court and Justice, entered April 28, 2004, insofar as it, upon reargument, adhered to the prior decision, unanimously reversed, on the law, with costs, and defendant Reiser's motion to dismiss the second and fifth cross claims against him granted.

Defendant Reiser, an attorney, acted as escrow agent for defendant Kluge in successive real estate transactions involving two cooperative apartments at 50 Central Park West in the course of which Reiser deposited $1.45 million and $1.28 million down payments in the New York branch of the Connecticut Bank of Commerce (CBC) where his firm maintained an interest on lawyer account (IOLA). Before the transactions could be concluded, and unbeknownst to any of the parties, CBC was closed and Federal Deposit Insurance Corporation (FDIC) named as receiver. The present action is brought by the first prospective buyer, Bazinet, who seeks a return of his down payment. The present appeal involves the second and fifth cross claims against defendant Reiser by defendant Kluge in which she alleges that Reiser committed legal malpractice by not depositing the escrowed funds in a manner which would have been covered by FDIC insurance or taking other, unspecified steps to ensure protection of those funds. Since the IAS court should have granted Reiser's motion to dismiss, we reverse.

To prevail in a legal malpractice action, the plaintiff must show, inter alia, that the attorney failed to exercise that degree of care, skill and diligence commonly possessed and exercised by a member of the legal profession (*see Rubinberg v Walker*, 252 AD2d 466, 467 [1998]). There is no allegation that Reiser violated any statute or regulation, much less that he breached the escrow provisions of the contracts. There is no requirement imposed by law that an attorney-escrow agent place escrow funds in an account fully insured by the FDIC (*see* General Business Law § 778-a; Code of Professional Responsibility DR 9-102 [b] [1] [22 NYCRR 1200.46 (b) (1)]), and there are no allegations that Reiser knew that CBC was in danger of closing. The proximate cause of Kluge's injury, if any, was CBC's unforeseen demise. Concur—Buckley, P.J., Saxe, Sullivan, Nardelli and Gonzalez, JJ. [*See* 196 Misc 2d 231.]