■ TERRY WINTERS, Respondent, v J. PATRICK DOWDALL et al., Appellants, et al., Defendants. [882 NYS2d 100]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered January 28, 2009, which, to the extent appealed from, denied the motion of J. Patrick Dowdall, Esq. and Dowdall & Associates, P.C. (the Dowdall defendants) to dismiss plaintiff's claim of legal malpractice against them pursuant to CPLR 3211 (a) (1), (4) and (7), unanimously affirmed, without costs.

Plaintiff alleges that he retained the Dowdall defendants, purported experts in the field, to provide legal services in connection with the sale of plaintiff's real estate in accordance with section 1031 of the Internal Revenue Code (26 USC) (exchange transactions). The complaint alleges that the legal services which the Dowdall defendants undertook to provide plaintiff "included, but were not limited to: advising him with respect to the proposed Section 1031 exchange; advising him in connection with the selection of a qualified intermediary for the exchange; coordinating with other professionals in connection with the transaction; and otherwise providing services with respect to facilitating the sale as a Section 1031 exchange." The complaint further alleges that the Dowdall defendants failed to properly investigate Atlantic Exchange Company (AEC) prior to selecting it to act as the qualified intermediary in the exchange transaction; failed to ensure that AEC was adequately bonded prior to selecting it as the qualified intermediary; and failed to ensure that the plaintiff's exchange funds were deposited into an account for plaintiff's sole benefit as required by the exchange agreement; and that these failures were the proximate cause of plaintiff incurring damages in the amount of $604,919.73.

Accepting the facts as alleged in the complaint as true, and according plaintiff the benefit of every possible favorable inference (see 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 151-152 [2002]; Sokoloff v Harriman Estates Dev. Corp., 96 NY2d 409, 414 [2001]), plaintiff has pleaded a cause of action against the Dowdall defendants for legal malpractice (see McCoy v Feinman, 99 NY2d 295, 301-302 [2002]; cf. Bazinet v Kluge, 14 AD3d 324 [2005]). The subsequent theft of plaintiff's exchange funds by AEC and Edward Hugh Okun, AEC's sole member, did not relieve the Dowdall defendants from the consequences of their own initial negligence (see Garten v Shearman & Sterling LLP, 52 AD3d 207 [2008]).

Further, the Dowdall defendants cannot seek dismissal under CPLR 3211 (a) (4) as none of the parties to this action are the same parties to the AEC bankruptcy proceeding (see Allied Props. v 236 Cannon Realty, 3 AD3d 318, 319 [2004]). Finally,

the automatic stay provision only applies to those proceedings which would involve the debtor AEC, or its parent 1031 Tax Group LLC, neither of which is a party to this action (*see* 11 USC § 362 [a]; *Teachers Ins. & Annuity Assn. of Am. v Butler*, 803 F2d 61, 65 [2d Cir 1986]). Concur—Mazzarelli, J.P., Saxe, Catterson, DeGrasse and Abdus-Salaam, JJ. [*See* 2009 NY Slip Op 30167(U).]