# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**432**

**CA 15-00412**

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

---

CELLINO & BARNES, P.C., PLAINTIFF-RESPONDENT,

V                                              MEMORANDUM AND ORDER

LAW OFFICE OF CHRISTOPHER J. CASSAR, P.C., AND
CHRISTOPHER J. CASSAR, DEFENDANTS-APPELLANTS.
(APPEAL NO. 1.)

---

THE LAW OFFICES OF CHRISTOPHER J. CASSAR, P.C., HUNTINGTON
(CHRISTOPHER J. CASSAR OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

CELLINO & BARNES, P.C., BUFFALO (GREGORY V. PAJAK OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Tracey A. Bannister, J.), entered December 9, 2014. The order denied the motion of defendants to dismiss the complaint.

It is hereby ORDERED that the order so appealed from is modified on the law by granting those parts of the motion seeking dismissal of the second and third causes of action and as modified the order is affirmed without costs.

Memorandum: This dispute between law firms over attorney's fees arises from legal services provided to a client in a personal injury action against an allegedly negligent motorist. Over two years after she had retained plaintiff as counsel and nearly four months after plaintiff had commenced the personal injury action on her behalf in Supreme Court, Suffolk County, the client discharged plaintiff and retained defendants. Following substitution of counsel, plaintiff sent a letter to defendants asserting a charging lien pursuant to Judiciary Law § 475 to secure its interest in attorney's fees. With defendants as counsel, the client subsequently commenced a legal malpractice action against plaintiff in Suffolk County alleging that plaintiff negligently failed to file a workers' compensation claim for the client. Thereafter, defendants secured a settlement in the client's personal injury action. Defendants then sought an order within that action directing that a portion of the settlement funds be held in escrow while the validity of the charging lien was resolved and that the remainder of the settlement funds be released to the client. Two days later, plaintiff commenced the instant action against defendants in Supreme Court, Erie County, i.e., the county in which plaintiff's principal place of business is located, alleging in the first cause of action that it is entitled to attorney's fees

related to the settlement on a quantum meruit basis, and further alleging in the second and third causes of action that defendants engaged in frivolous and fraudulent conduct in commencing the legal malpractice action.  On the same day, but after the instant action was commenced in Erie County, Supreme Court, Suffolk County, issued an order directing plaintiff to show cause why the order sought by defendants should not be granted.  In appeal No.1, defendants appeal from an order denying their motion to dismiss the complaint in the instant action pursuant to CPLR 3211 and, in appeal No. 2, defendants appeal from an order denying their motion to transfer venue to Suffolk County.

We agree with defendants in appeal No. 1 that the court erred in failing to grant the motion to dismiss with respect to the second and third causes of action for failure to state a cause of action pursuant to CPLR 3211 (a) (7).  We therefore modify the order in appeal No. 1 accordingly.  To the extent that such is asserted in those causes of action, we note that New York does not recognize a separate cause of action to impose sanctions for frivolous conduct pursuant to 22 NYCRR 130-1.1 (*see Young v Crosby*, 87 AD3d 1308, 1309).  To the extent that the second and third causes of action assert a cause of action for fraud, we conclude that plaintiff failed to allege the essential elements of such a cause of action (*see Robertson v Wells*, 95 AD3d 862, 864).

Defendants' contention in appeal No. 1 that the court should have dismissed the first cause of action for failure to state a cause of action is not properly before us because they did not seek dismissal of that cause of action on that ground in their motion (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985).  We reject defendants' further contention in appeal No. 1 that the court abused its discretion in denying their motion to dismiss the first cause of action pursuant to CPLR 3211 (a) (4).  That provision "vests a court with broad discretion in considering whether to dismiss an action on the ground that another action is pending between the same parties on the same cause of action" (*Whitney v Whitney*, 57 NY2d 731, 732).  "While complete identity of parties is not a necessity for dismissal under CPLR 3211 (a) (4) . . . , there must at least be a 'substantial' identity of parties 'which generally is present when at least one plaintiff and one defendant is common in each action' " (*Proietto v Donohue*, 189 AD2d 807, 807-808; *see Forget v Raymer*, 65 AD2d 953, 954).  Here, in the underlying personal injury action, the parties are the client and the motorist.  The parties in the instant action, however, are plaintiff and defendants.  There are thus no common parties to either action nor the requisite substantial identity of parties (*see Winters v Dowdall*, 63 AD3d 650, 651; *Credit-Based Asset Servicing & Securitization v Grimmer*, 299 AD2d 887, 887; *Blank v Schafrann*, 167 AD2d 745, 746; *see generally Proietto*, 189 AD2d at 808).  Further, although we agree with the dissent that defendants were not required to commence a separate action to determine and enforce a charging lien pursuant to Judiciary Law § 475 (*see Westfall v County of Erie*, 281 AD2d 979, 980), we conclude that it does not follow that the court abused its broad discretion in refusing to dismiss the action properly commenced by plaintiff in Erie County

before similar relief was sought within a pending action between different parties in Suffolk County (*see generally Whitney*, 57 NY2d at 732; *Forget*, 65 AD2d at 954).

Defendants contend in appeal No. 2 that the court improperly denied their motion to transfer venue from Erie County to Suffolk County (*see* CPLR 510 [3]).  We reject that contention.  "A motion for a change of venue is addressed to the sound discretion of the court, and absent a clear abuse the court's determination will not be disturbed on appeal" (*McLaughlin v City of Buffalo*, 259 AD2d 1014, 1014).  We conclude that the court did not abuse its discretion in denying the motion inasmuch as defendants failed to meet their burden of proving that "the convenience of material witnesses and the ends of justice [would] be promoted by the change" (CPLR 510 [3]; *see Rochester Drug Coop., Inc. v Marcott Pharmacy N. Corp.*, 15 AD3d 899, 899; *Zinker v Zinker*, 185 AD2d 698, 698).

Finally, contrary to defendants' further contention in both appeals, the court did not improvidently exercise its discretion in denying those parts of their motions seeking attorney's fees and costs (*see generally* 22 NYCRR 130-1.1 [a]).

All concur except DeJoseph, J., who dissents in part and votes to reverse in accordance with the following memorandum:  I respectfully dissent in part.  I agree with my colleagues in appeal No. 1 that Supreme Court erred in failing to grant defendants' motion to dismiss with respect to the second and third causes of action.  I also agree in appeal No. 2 that the court properly denied defendants' motion to transfer venue.  I respectfully disagree, however, with the majority's conclusion in appeal No. 1 that the court did not abuse its discretion in denying defendants' motion to dismiss the first cause of action pursuant to CPLR 3211 (a) (4).  I would therefore reverse the order in appeal No. 1, grant defendants' motion in its entirety, and dismiss the complaint.

As a preliminary matter, I question how the majority concluded that the court did not abuse its discretion.  The court provided no written or oral basis for its decision; it simply denied the motion.  I find it nearly impossible to determine whether the court did or did not abuse its discretion when it failed to provide any reasoning for denying the motion.  This is even more troubling in light of the letter submitted to the court by counsel for defendants, in which counsel noted, inter alia, that the court had "fail[ed] to state the legal basis for the . . . decision" and, because of a scheduling hearing in Suffolk County on the issue of attorney's fees, asked the court for clarification.  By all accounts in the record before us, the court never responded.  In my view, trial courts have an obligation to the litigants to provide a basis for their decisions.  Failing to do so is unacceptable and continues to frustrate appellate review (*see generally McMillian v Burden*, 136 AD3d 1342, 1343).

Moving now to the merits, during oral argument of this appeal, both parties agreed that:  (1) the relief—attorney's fees—sought in Suffolk County was the same as that sought in Erie County; and (2) it

affected the same two parties, i.e., plaintiff and defendants. It was plaintiff's primary contention that there was simply no other "action" pending in Suffolk County in order to trigger CPLR 3211 (a) (4). Interestingly, the majority does not address whether the relief sought in both venues is substantially the same. Instead, the majority concludes that "[t]here are . . . no common parties to either action nor the requisite substantial identity of parties." I disagree. Although the captions of the two actions do not match, there is an action pending in Suffolk County concerning the same relief that affects the same two parties, i.e., not the underlying personal injury action itself, but the proceeding brought within that action by defendants. There is no dispute that within the underlying personal injury action, defendants, by way of order to show cause and supporting petition, sought a resolution of the issue concerning the attorney's fees between plaintiff and defendants. On that same day, plaintiff commenced an action in Erie County also seeking, inter alia, a resolution of the issue concerning the attorney's fees. As conceded by the majority, the "defendants were not required to commence a separate action to determine and enforce a charging lien pursuant to Judiciary Law § 475." As I see it, defendants have been faulted for following common and accepted procedure inasmuch as defendants' attorney's fees application in Suffolk County clearly constitutes another action pending between the same parties for the same relief (see CPLR 3211 [a] [4]).

Entered: June 17, 2016                          Frances E. Cafarell
                                                Clerk of the Court