Jaber v Elayyan (2019 NY Slip Op 00102)





Jaber v Elayyan


2019 NY Slip Op 00102


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2017-08716
 (Index No. 151161/17)

[*1]Juber Jaber, respondent, 
v
Munzer Elayyan, appellant, et al., defendants.


McKool Smith, P.C., New York, NY (Natasha Romagnoli, James H. Smith, Virginia Weber, and Elisa Lee of counsel), for appellant.
Gabor & Marotta LLC, Staten Island, NY (Daniel C. Marotta and Ilyssa Gabor Florio of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to impose a constructive trust upon certain real property and for a declaration that the plaintiff is the beneficial and equitable owner of that property, the defendant Munzer Elayyan appeals from an order of the Supreme Court, Richmond County (Desmond A. Green, J.), dated August 22, 2017. The order, insofar as appealed from, denied that branch of that defendant's motion which was pursuant to CPLR 3211(a)(4) to dismiss the complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff, contending that he is the equitable owner of certain real property in Staten Island (hereinafter the property), commenced this action against the defendant Munzer Elayyan (hereinafter the defendant) and others, seeking to impose a constructive trust upon the property in the plaintiff's favor and for a declaration that the plaintiff is the property's beneficial and equitable owner. The defendant moved, inter alia, pursuant to CPLR 3211(a)(4) to dismiss the complaint insofar as asserted against him based on the existence of a prior pending action commenced by the plaintiff's brother and others against the defendant in New York County. In an order dated August 22, 2017, the Supreme Court, inter alia, denied that branch of the defendant's motion which was pursuant to CPLR 3211(a)(4) to dismiss the complaint insofar as asserted against him. The defendant appeals.
Under CPLR 3211(a)(4), a court has " broad discretion in determining whether an action should be dismissed based upon another pending action where there is a substantial identity of the parties, the two actions are sufficiently similar, and the relief sought is substantially the same. It is not necessary that the precise legal theories presented in the first action also be presented in the second action so long as the relief . . . is the same or substantially the same'" (Dec v BFM Realty, LLC, 153 AD3d 497, 497, quoting Swartz v Swartz, 145 AD3d 818, 822; see Whitney v Whitney, 57 NY2d 731, 732). Similarly, while a complete identity of parties is not a necessity for dismissal under CPLR 3211(a)(4) (see Proietto v Donohue, 189 AD2d 807, 807; Barringer v Zgoda, 91 AD2d 811, 811), there must at least be a "substantial" identity of parties, "which generally is present when at least one plaintiff and one defendant is common in each action" (Morgulas v Yudell Realty, 161 [*2]AD2d 211, 213; see Cellino & Barnes, P.C. v Law Off. of Christopher J. Cassar, P.C., 140 AD3d 1732, 1734; Cherico, Cherico & Assoc. v Midollo, 67 AD3d 622, 622; Proietto v Donohue, 189 AD2d at 807-808).
Here, there is no common plaintiff in the New York County and Richmond County actions, as the former action was commenced by the plaintiff's brother and others, while the instant action was commenced by the plaintiff. Moreover, the subject matter of the two actions, although related, is not sufficiently similar to warrant the dismissal of the complaint in this action insofar as asserted against the defendant. The relief sought in each action is different, and the resolution of the former action would not necessarily resolve the instant plaintiff's claim of equitable ownership of the property (see generally Sprecher v Thibodeau, 148 AD3d 654, 656; Parker v Rich, 140 AD2d 177, 178; Corporate Inv. Co. v Mount Vernon Metal Prods. Co., Inc., 206 App Div 273, 276). Since there is no sufficiently substantial identity of parties and subject matter in the two actions, the Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was pursuant to CPLR 3211(a)(4) to dismiss the complaint insofar as asserted against him.
The defendant's remaining contentions are without merit.
SCHEINKMAN, P.J., MASTRO, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court