JPMorgan Chase Bank, N.A. v Luxama (2019 NY Slip Op 04149)





JPMorgan Chase Bank, N.A. v Luxama


2019 NY Slip Op 04149


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
SHERI S. ROMAN
COLLEEN D. DUFFY, JJ.


2017-04750
 (Index No. 704272/15)

[*1]JPMorgan Chase Bank, National Association, appellant,
v
Cassandre Luxama, etc., respondent, et al., defendants.


Fein, Such & Crane, LLP, Rochester, NY (John A. Cirando of counsel), for appellant.
Queens Legal Services, Jamaica, NY (Myrtle Jonas of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), entered March 7, 2017. The order granted the cross motion of the defendant Cassandre Luxama pursuant to CPLR 3211(a)(4) to dismiss the complaint insofar as asserted against her and denied, as academic, the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against that defendant.
ORDERED that the order is affirmed, with costs.
In November 2007, Joseph Luxama (hereinafter the decedent) executed a note in the sum of $578,000 in favor of the plaintiff. The note was secured by a mortgage on residential property located in Cambria Heights. The decedent died on February 28, 2013.
In April 2015 the plaintiff commenced the instant action to foreclose the mortgage against, among others, the defendant Cassandre Luxama, as Administratrix and heir at law and next of kin to the decedent (hereinafter the defendant). Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant. The defendant cross-moved pursuant to CPLR 3211(a)(4) to dismiss the complaint insofar as asserted against her on the ground that the plaintiff had commenced a prior action in 2011, wherein it sought the same relief. The Supreme Court granted the defendant's cross motion and denied, as academic, the plaintiff's motion.
"Pursuant to CPLR 3211(a)(4), a court has broad discretion in determining whether an action should be dismissed based upon another pending action where there is a substantial identity of the parties, the two actions are sufficiently similar, and the relief sought is substantially the same. It is not necessary that the precise legal theories presented in the first action also be presented in the second action [so] long as the relief . . . is the same or substantially the same" (Dec v BFM Realty, LLC, 153 AD3d 497, 497 [internal quotations marks omitted]; see Whitney v Whitney, 57 NY2d 731, 732). While a complete identity of parties is not a necessity for dismissal under CPLR 3211(a)(4) (see Proietto v Donohue, 189 AD2d 807, 807; Barringer v Zgoda, 91 AD2d 811, 811), there must at least be a "substantial" identity of parties, "which generally is present when at least one plaintiff [*2]and one defendant is common in each action" (Morgulas v Yudell Realty, 161 AD2d 211, 213; see Cellino & Barnes, P.C. v Law Off. of Christopher J. Cassar, P.C., 140 AD3d 1732, 1734; Cherico, Cherico & Assoc. v Midollo, 67 AD3d 622, 622; Proietto v Donohue, 189 AD2d at 807-808).
This action and the prior 2011 action both arise from the same subject matter and alleged wrongs, and involve substantial identity of the parties and similarity of claims. The plaintiff's claims may be fully litigated in the 2011 action. Accordingly, we agree with the Supreme Court's determination to grant the defendant's motion pursuant to CPLR 3211(a)(4) to dismiss the complaint insofar as asserted against her and to deny, as academic, the plaintiff's motion for summary judgment on the complaint insofar asserted against the defendant (see DAIJ, Inc. v Roth, 85 AD3d 959, 959-960; Cherico, Cherico & Assoc. v Midollo, 67 AD3d at 623).
RIVERA, J.P., DILLON, ROMAN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court