Matter of Witkowski v HS 570, Inc. (2023 NY Slip Op 04019)

Matter of Witkowski v HS 570, Inc.

2023 NY Slip Op 04019

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, MONTOUR, OGDEN, AND GREENWOOD, JJ.

398 CA 22-00390

[*1]IN THE MATTER OF MARK STEVEN WITKOWSKI, AS TRUSTEE OF THE EVA C. SMITH MEMORIAL TRUST FOR THE BENEFIT OF BETH L. HOSKINS, AND BETH L. HOSKINS, PETITIONERS-APPELLANTS,
v
HS 570, INC., JOHN T. HOSKINS, JR. AND LIFE STORAGE, INC., RESPONDENTS-RESPONDENTS. 

ADAMS LECLAIR LLP, ROCHESTER (ANTHONY J. ADAMS, JR., OF COUNSEL), FOR PETITIONERS-APPELLANTS. 
HODGSON RUSS LLP, BUFFALO (JEFFREY C. STRAVINO OF COUNSEL), FOR RESPONDENT-RESPONDENT HS 570, INC. 
BARCLAY DAMON, LLP, BUFFALO (JAMES P. MILBRAND OF COUNSEL), FOR RESPONDENT-RESPONDENT JOHN T. HOSKINS, JR.
PHILLIPS LYTLE LLP, BUFFALO (JAMES R. O'CONNOR OF COUNSEL), FOR RESPONDENT-RESPONDENT LIFE STORAGE, INC. 

 Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered February 16, 2022. The order vacated a temporary restraining order and dismissed the petition. 
Now, upon reading and filing the stipulation discontinuing the proceeding insofar as it concerns respondent Life Storage, Inc., signed by the attorneys for the parties on February 27, 2023,
It is hereby ORDERED that the appeal insofar as it concerns respondent Life Storage, Inc. is unanimously dismissed upon stipulation, and the order is modified on the law by reinstating the petition against respondents HS 570, Inc. and John T. Hoskins, Jr., and as modified the order is affirmed without costs.
Memorandum: Respondent HS 570, Inc. (corporation) is a Delaware corporation that was at one time allegedly "controlled" by the father of petitioner Beth L. Hoskins (Beth Hoskins) and respondent John T. Hoskins, Jr. (John Hoskins). John Hoskins is an executive vice-president and director of the corporation. Petitioner Mark Steven Witkowski (Trustee), is the Trustee for the Eva C. Smith Memorial Trust for the benefit of Beth L. Hoskins (Trust), which held significant nonvoting shares of the corporation. Beth Hoskins is also a beneficiary of several other trusts that allegedly held shares in the corporation.
In July 2021, the Trust commenced an action against the corporation in Delaware, seeking to inspect the books and records of the corporation. John Hoskins was not a named party in that action. While that action was pending, the Trustee, in the course of managing Beth Hoskins's account at a self-storage facility, had occasion to access a storage unit that was listed under her name in the storage facility's accounts. Unbeknownst to the Trustee, that particular unit was rented to John Hoskins, personally. Upon gaining entry to the storage unit, the Trustee observed numerous documents related to the corporation, as well as other documents related to Beth Hoskins, individually, and to other proceedings involving the siblings' parents.
Petitioners thereafter filed the instant petition pursuant to CPLR 3102 (c) seeking an order to preserve the evidence held in that storage unit. In opposition to the petition, John Hoskins and the corporation (collectively, respondents) contended, as relevant here, that the pending Delaware action was designed to produce all the documents that were being sought.
Petitioners now appeal from an order that, inter alia, dismissed the petition pursuant to CPLR 3211 (a) (4), which permits dismissal where "there is another action pending between the same parties for the same cause of action in a court of any state or the United States." We agree with petitioners that Supreme Court erred in dismissing the petition against respondents. Inasmuch as petitioners have stipulated to discontinue this proceeding against respondent Life Storage, Inc., we do not address any issues with respect to Life Storage, Inc.
In determining whether dismissal under CPLR 3211 (a) (4) is warranted, "we consider (1) [whether] both suits arise out of the same actionable wrong or series of wrongs[ ] and (2) as a practical matter, [whether] there [is] any good reason for two actions rather than one being brought in seeking the remedy" (Red Barn Country, LLC v Trombley, 120 AD3d 1537, 1538 [4th Dept 2014] [internal quotation marks omitted]; see LaBuda v LaBuda, 174 AD3d 1013, 1014 [3d Dept 2019]). A dismissal on such grounds is discretionary; it is "never mandatory" (Hon. Mark C. Dillon, 2021 Supp Prac Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:14, 2023 Pocket Part at 23). The statute provides that the court "need not dismiss upon this ground but may make such order as justice requires" (CPLR 3211 [a] [4]). "In other words, the trial court has discretion to fashion a remedy that best suits the circumstances of the parties and the case" (Hon. Mark C. Dillon, 2021 Supp Prac Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:14, 2023 Pocket Part at 23).
Here, although both this proceeding and the action in Delaware sought books and records related to the corporation, petitioners in this proceeding also sought to preserve documents unrelated to the corporation, some of which dealt with potential breach of fiduciary duty claims against John Hoskins. In addition, some of petitioners' potential allegations were not part of the Delaware action, which was commenced against only the corporation.
"While complete identity of parties is not a necessity for dismissal under CPLR 3211 (a) (4) . . . , there must at least be a substantial identity of parties which generally is present when at least one plaintiff and one defendant is common in each action" (Cellino & Barnes, P.C. v Law Off. of Christopher J. Cassar, P.C., 140 AD3d 1732, 1734 [4th Dept 2016] [internal quotation marks omitted]; see generally Matter of Goodyear v New York State Dept. of Health, 163 AD3d 1427, 1430 [4th Dept 2018], lv denied 32 NY3d 914 [2019]). "If the parties are not the same and even though plaintiffs seek much the same end by their actions, the subsequent action should not be dismissed" (Forget v Raymer, 65 AD2d 953, 954 [4th Dept 1978]; see Red Barn Country, LLC, 120 AD3d at 1538).
Inasmuch as the Delaware action involves only one of the same parties as this proceeding and does not "encompass[ ] all of the disputes between the parties" (WYNIT, Inc. v Smartparts, Inc., 74 AD3d 1720, 1720-1721 [4th Dept 2010]; see Red Barn Country, LLC, 120 AD3d at 1538; cf. Goodyear, 163 AD3d at 1430; see also Kent Dev. Co. v Liccione, 37 NY2d 899, 901 [1975]), we conclude that the court erred in dismissing the petition.
We reject respondents' contention, raised as an alternate basis for affirmance (see Town of Massena v Niagara Mohawk Power Corp., 45 NY2d 482, 488 [1978]), that petitioners failed to meet a condition precedent to this proceeding in that they failed to bring their request prior to commencing related actions (see Matter of Weitzman v Long Beach City Sch. Dist., 175 AD3d 504, 505 [2d Dept 2019]; see generally Matter of Leff v Our Lady of Mercy Academy, 150 AD3d 1239, 1240 [2d Dept 2017]). Although the Trust commenced an action against the corporation in Delaware, there is no evidence of any prior action commenced against John Hoskins (cf. Weitzman, 175 AD3d at 505-506; Matter of Johnson v Union Bank of Switzerland, AG, 150 AD3d 436, 436 [1st Dept 2017]).
We also reject respondents' assertion that this appeal has been rendered moot by the alleged settlement of the Delaware action or by the alleged fact that the documents, once contained in the storage unit, were removed from the storage unit following dismissal of the petition (see generally Matter of Wellman v Surles, 185 AD2d 464, 466 [3d Dept 1992]). The [*2]purported settlement of the Delaware action does not render moot petitioners' potential causes of action against John Hoskins, and we decline to assume that he would fail to obey a court order to preserve the documents that were once contained in the storage unit.
We therefore modify the order by reinstating the petition against respondents.
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court