Nosegbe v Charles (2024 NY Slip Op 02406)

Nosegbe v Charles

2024 NY Slip Op 02406

Decided on May 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, BANNISTER, OGDEN, AND GREENWOOD, JJ.

108 CA 23-00885

[*1]IMADEH NOSEGBE, PLAINTIFF-APPELLANT,
v
GERMAIN JEAN CHARLES AND DANIEL RICHTER, DEFENDANTS-RESPONDENTS. 

IMADEH NOSEGBE, PLAINTIFF-APPELLANT PRO SE. 
HARRIS BEACH PLLC, SYRACUSE (BRENDAN M. PALFREYMAN OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Onondaga County (Gerard J. Neri, J.), entered December 20, 2022. The order granted the motion of defendants insofar as it sought to dismiss the complaint and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion to the extent that it seeks to dismiss the second and fourth causes of action and reinstating those causes of action, and as modified the order is affirmed without costs and the matter is remitted to Supreme Court, Onondaga County, for further proceedings in accordance with the following memorandum: Pro se plaintiff is a dentist who operated a dental practice named Fayetteville Family Dentistry PLLC (FFD). At some point, plaintiff engaged the services of two management companies to convert FFD into a new practice, Family Smiles Dentistry PLLC (FSD). Disagreements arose, leading plaintiff to commence an action against FSD, the two management companies and their principals (first action). While the first action was pending, plaintiff commenced this action against defendants, who are the former or current principals of FSD. Plaintiff alleges in sum and substance that defendants improperly removed her name from the PLLC application for FSD and then misappropriated her property, patient list, business telephone number, and federal tax identification number. In this action, defendants filed a pre-answer motion to dismiss pursuant to CPLR 3211 or, in the alternative, to add FSD as a necessary party or to consolidate this action with the first action. Supreme Court granted the motion insofar as it sought dismissal of the complaint and thus did not address defendants' requests for alternative relief. Plaintiff appeals.
We reject plaintiff's contention that the court erred in granting defendants' motion insofar as it seeks to dismiss the first cause of action. Even if plaintiff is correct that the court erred in relying on CPLR 3211 (a) (1) in granting the motion to that extent, we nevertheless conclude that the court properly granted the motion insofar as it seeks to dismiss the first cause of action under CPLR 3211 (a) (7). In assessing a motion under CPLR 3211 (a) (7) where the court has considered evidentiary material submitted in support of or in opposition to the motion, "the criterion is whether the proponent of the pleading has a cause of action, not whether [the proponent] has stated one" (Leon v Martinez, 84 NY2d 83, 88 [1994] [internal quotation marks omitted]; see Carlson v American Intl. Group, Inc., 30 NY3d 288, 298 [2017]).
The first cause of action purports to sound in fraud. "The elements of a cause of action for fraud require a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff[,] and damages" (Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]; see Carlson, 30 NY3d at 310; Heckl v Walsh [appeal No. 2], 122 AD3d 1252, 1255 [4th Dept 2014]). "CPLR 3016 (b) provides that where a cause of action or defense is based upon fraud, 'the circumstances constituting the wrong shall be stated in detail' " (Pludeman v Northern Leasing Sys., Inc., 10 NY3d 486, 491 [2008]). Although the particularity requirements should not be so strictly interpreted to prevent an [*2]otherwise valid cause of action "where those circumstances are peculiarly within the knowledge of the party [alleged to have committed the fraud]" (Jered Contr. Corp. v New York City Tr. Auth., 22 NY2d 187, 194 [1968]; see Heckl, 122 AD3d at 1255), there are no allegations of any material misrepresentation made by either defendant to plaintiff, let alone any misrepresentation that defendants knew was false or that was meant to induce reliance. Upon review of the allegations in the complaint, it does not appear that plaintiff ever conversed with either defendant about anything until after the events that are alleged as the basis of the first cause of action. We therefore conclude that the court properly granted defendants' motion with respect to the first cause of action. In light of our determination, we do not address plaintiff's remaining contentions related to that cause of action.
We agree with plaintiff, however, that the court abused its discretion in granting the motion to the extent that it seeks to dismiss the second and fourth causes of action pursuant to CPLR 3211 (a) (4), under which courts have broad discretion in determining whether to dismiss an action where "there is another action pending between the same parties for the same cause of action in a court of any state or the United States." Even assuming, arguendo, that there is an identity of issues between those two causes of action and the issues raised in the first action, we agree with plaintiff that there was no identity of parties.
The first action was against FSD, the management companies and the principals of those management companies. This action is against the principals of FSD. Although "complete identity of parties is not a necessity for dismissal under CPLR 3211 (a) (4) . . . , there must at least be a substantial identity of parties which generally is present when at least one plaintiff and one defendant is common in each action" (Cellino & Barnes, P.C. v Law Off. of Christopher J. Cassar, P.C., 140 AD3d 1732, 1734 [4th Dept 2016] [internal quotation marks omitted]; see Matter of Witkowski v HS 570, Inc., 218 AD3d 1230, 1232 [4th Dept 2023]; Syncora Guar. Inc. v J.P. Morgan Sec. LLC, 110 AD3d 87, 96 [1st Dept 2013]). "If the parties are not the same and even though [the] plaintiffs seek much the same end by their actions, the subsequent action should not be dismissed" (Forget v Raymer, 65 AD2d 953, 954 [4th Dept 1978]; see Witkowski, 218 AD3d at 1232; cf. Sealand Waste LLC v Town of Carroll, 169 AD3d 1464, 1464 [4th Dept 2019]).
Generally, a substantial identity of parties "is present when at least one plaintiff and one defendant is common in each action" (Morgulas v Yudell Realty, 161 AD2d 211, 213 [1st Dept 1990]; see Cellino & Barnes, P.C., 140 AD3d at 1734). Further, "where . . . a plaintiff seeks the same damages for the same alleged injuries relating to the same transaction from close corporate affiliates, a court may properly make a finding that parties have 'substantially similar' identities for purposes of the first-in-time rule" (Syncora Guar. Inc., 110 AD3d at 96 [emphasis added]). Here, however, none of the defendants is common in each action, and the defendants in the first action and this action are not close corporate affiliates. Rather, defendants in this action are the former and current principals of FSD, i.e., the corporate defendant in the first action. It is well settled that " '[i]ndividual principals of a corporation are legally distinguishable from the corporation itself' and a court may not 'find an identity of parties by, in effect, piercing the corporate veil without a request that this be done and, even more importantly, any demonstration . . . that such a result is warranted' " (Sprecher v Thibodeau, 148 AD3d 654, 656 [1st Dept 2017]; see Morgulas, 161 AD2d at 213). Unlike Alpha Beta Capital Partners, L.P. v Schepis (2018 NY Slip Op 32348[U] [Sup Ct, NY County 2018]), where a motion pursuant to CPLR 3211 (a) (4) to dismiss a second action was granted after the "plaintiff commenced a prior action against the [principal] defendants in their corporate capacities and [then brought a] second action based on the very same claim . . . against them in their capacities as individual principals" (id. at *2), in this case there was never any prior action against these defendants.
Plaintiff further contends that the court erred in granting the motion insofar as it seeks to dismiss the fourth cause of action pursuant to CPLR 3211 (a) (1), which permits a court to dismiss a cause of action where it is conclusively refuted by documentary evidence. Although the court did not cite that statutory section as a basis for dismissing that cause of action, to the extent that plaintiff makes that argument and defendants raise that ground on appeal as an alternative theory of affirmance (see generally Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546 [1983]; Town of Massena v Niagara Mohawk Power Corp., 45 NY2d 482, 488 [1978]), we address the merits. Contrary to plaintiff's initial contention, [*3]defendants, in their motion, sought to dismiss the fourth cause of action under CPLR 3211 (a) (1). Although the notice of motion cited only CPLR 3211 (a) (4) and (7) as the grounds for the motion, the memorandum of law submitted in support of the motion also asserted that the first and fourth causes of action should be dismissed under CPLR 3211 (a) (1) (NY St Cts Elec Filing [NYSCEF] Doc No. 5 at 7-9). It is well settled that this Court may consider memoranda of law for preservation purposes (see Town of W. Seneca v Kideney Architects, P.C., 187 AD3d 1509, 1510 [4th Dept 2020]; Byrd v Roneker, 90 AD3d 1648, 1649 [4th Dept 2011]), and that we may take judicial notice of the records in NYSCEF (see HoganWillig, PLLC v Swormville Fire Co., Inc., 210 AD3d 1369, 1371 [4th Dept 2022]; Matter of Clifford, 204 AD3d 1397, 1397 [4th Dept 2022]).
We agree with plaintiff that the court erred in using text message excerpts to justify dismissal of the fourth cause of action or, indeed, any cause of action. Documents such as text messages "do not meet the requirements for documentary evidence" to support a CPLR 3211 (a) (4) motion (MJ Lilly Assoc., LLC v Ovis Creative, LLC, 221 AD3d 805, 806 [2d Dept 2023] [internal quotation marks omitted]; see Optical Communications Group, Inc. v Worms, 217 AD3d 458, 459 [1st Dept 2023]; Kalaj v 21 Fountain Place, LLC, 169 AD3d 657, 658 [2d Dept 2019]; cf. Gottesman Co. v A.E.W., Inc., 190 AD3d 522, 524 [1st Dept 2021], lv denied 37 NY3d 916 [2021]; Liberty Affordable Hous., Inc. v Maple Ct. Apts., 125 AD3d 85, 92 [4th Dept 2015]). "To be considered documentary, evidence must be unambiguous and of undisputed authenticity, that is, it must be essentially unassailable" (Bath & Twenty, LLC v Federal Sav. Bank, 198 AD3d 855, 855-856 [2d Dept 2021]; see Eisner v Cusumano Constr., Inc., 132 AD3d 940, 942 [2d Dept 2015]; Fontanetta v John Doe 1, 73 AD3d 78, 86 [2d Dept 2010]). Here, the text messages do not even identify the person who is communicating with plaintiff. The names and numbers are redacted. Moreover, the text messages do not "conclusively establish[ ] a defense as a matter of law" with respect to the fourth cause of action (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; see Lots 4 Less Stores, Inc. v Integrated Props., Inc., 152 AD3d 1181, 1183 [4th Dept 2017]; see generally Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v Matthew Bender & Co., Inc., 37 NY3d 169, 175 [2021], rearg denied 37 NY3d 1020 [2021]).
To the extent that the court granted defendants' motion insofar as it seeks to dismiss the second cause of action pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, we agree with plaintiff that the court erred in dismissing the second cause of action on that ground. The second cause of action alleges that defendants converted plaintiff's personal property, including dental equipment, to their own use. "Two key elements of conversion are (1) plaintiff's possessory right or interest in the property . . . and (2) [a] defendant's dominion over the property or interference with it, in derogation of plaintiff's rights" (Colavito v New York Organ Donor Network, Inc., 8 NY3d 43, 50 [2006]; see Palermo v Taccone, 79 AD3d 1616, 1619-1620 [4th Dept 2010]). Affording the pleading a liberal construction and assuming that the allegations contained within it are true, as we must (see Simkin v Blank, 19 NY3d 46, 52 [2012]), we conclude that the pleading includes sufficient allegations to support a cause of action for conversion. Plaintiff alleged that each defendant exerted dominion and control over property to which she had a possessory right or interest (see generally Colavito, 8 NY3d at 50).
Based on the foregoing, we therefore modify the order by denying defendants' motion to the extent that it seeks to dismiss the second and fourth causes of action and reinstating those causes of action. Inasmuch as the court did not rule on defendants' requests for alternative relief, we remit the matter to Supreme Court for consideration of the alternative relief sought in defendants' motion (see Stiggins v Town of N. Dansville, 155 AD3d 1617, 1619-1620 [4th Dept 2017]).
Finally, we note that plaintiff has failed to address the court's determination to grant defendants' motion insofar as it seeks dismissal of the third cause of action, and we therefore conclude that plaintiff has abandoned any challenge to the dismissal of that cause of action (see Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]).
Entered: May 3, 2024
Ann Dillon Flynn
Clerk of the Court